No. 100,058

MARC J. THOMPSON, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(270 P.3d 1089)

Opinion filed December 30, 2011.

*Meryl B. Carver-Allmond,* of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Jamie L. Karasek,* deputy county attorney, argued the cause, and *Ty Kaufman,* county attorney, and *Steve Six,* attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

BEIER, J.: Marc Thompson appeals the denial in part and dismissal in part of his K.S.A. 60-1507 motion.

Thompson argues that the court should have permitted him to pursue an amended claim that his counsel on direct appeal was ineffective. He also argues that his trial counsel provided constitutionally deficient representation by failing to request an independent psychological evaluation of the victim, stipulating to admission of the victim's videotaped interview, waiving his right to confrontation by failing to put the victim on the witness stand, and failing to object to evidence that Thompson pulled a knife on the victim's mother. Even if none of these errors independently requires reversal, Thompson argues, the cumulative effect of trial counsel's poor performance does.

We conclude that Thompson was properly permitted to amend his K.S.A. 60-1507 motion with leave of court to add claims of the same time and type as those advanced in the original motion, while untimely claims of a different time and type were correctly dismissed. Further, Thompson's allegations of ineffective assistance of counsel are without merit and not cumulative error requiring reversal.

## FACTUAL AND PROCEDURAL BACKGROUND

Thompson was convicted by a jury of aggravated indecent liberties for conduct occurring in July 2002 with his then 4-year-old daughter, S.T.

Neither side called S.T. to testify at trial. The parties agreed to the State's admission of a videotape of S.T.'s interview by Stephanie Linka, a forensic interview specialist for Sacramento County, California. Before the jury was shown the videotape, the district judge asked Thompson on the record if he personally agreed with that approach. Thompson confirmed that he did.

During the interview, in addition to describing Thompson's inappropriate sexual conduct with her, S.T. said that she was being interviewed because Thompson had pulled out a knife and tried to cut her mother. Several breaks were taken during the recording of the videotape, during which the camera was turned off. Linka testified at trial that, during the breaks, she went into another area and spoke to a detective while S.T. played in a separate area.

Ruth Porisch, a social worker for Prairie View treatment center in McPherson, testified for the defense on the power of suggestion in interviews of child sexual abuse victims. However, the district judge did not permit Porisch to testify about any possibility that S.T. was coached during the breaks in the videotaped interview.

Thompson's trial counsel succeeded in eliciting testimony from S.T.'s mother on cross-examination that S.T. had engaged in prior sexual touching with her 5-year-old cousin, an incident S.T.'s mother also had apparently described to a detective. During examination by the prosecutor, S.T.'s mother testified that Thompson's sexual abuse of his daughter came to light in connection with a law enforcement investigation in California. Thompson's trial counsel followed up on that point during cross-examination of S.T.'s mother, and she admitted to using methamphetamine 2 days before Thompson was incarcerated in California. On redirect, the prosecutor had her clarify that Thompson's California incarceration was unrelated to S.T.'s allegation in this case. Thompson's trial counsel did not object to this exchange between the prosecutor and S.T.'s mother.

Thompson appealed his conviction, and the Court of Appeals affirmed, handing down its mandate on November 3, 2005.

On November 2, 2006, Thompson filed the K.S.A. 60-1507 motion underlying this appeal. He alleged ineffective assistance of trial counsel, violation of his due process rights, and cumulative error. The State filed no written response to the motion.

On April 20, 2007, Thompson sought to amend his K.S.A. 60-1507 motion to add new arguments for the ineffectiveness of his trial counsel, as well as prosecutorial misconduct and ineffective assistance of appellate counsel claims.

As a result of a May 7, 2007, pretrial hearing and a June 19, 2007, State motion to dismiss all amended claims as outside the 1-year deadline set out in K.S.A. 60-1507(f), the district judge limited live testimony at the evidentiary hearing on Thompson's K.S.A. 60-1507 motion to Thompson's trial counsel and Thompson himself. After some back and forth on a K.S.A. 60-455 issue, the judge also ultimately ruled that Thompson would be permitted to present evidence on all of his allegations in support of ineffective assistance of trial counsel. The judge dismissed as untimely that part of Thompson's amended motion alleging prosecutorial misconduct and ineffectiveness of appellate counsel.

The January 2008 evidentiary hearing focused principally on whether trial counsel's performance was constitutionally deficient for failure to have S.T. evaluated, for stipulating to admission of the videotaped interview, and for failure to call S.T. to testify live at trial. Trial counsel testified that he had discussed whether to put S.T. on the stand with Thompson, and Thompson had expressed concern that S.T. would carry the burden of having put her father in prison. Counsel denied refusing to put S.T. on the stand. He also testified that he and Thompson never discussed having S.T. examined by another expert and said that he did not pursue an independent psychological evaluation of S.T. because she was out of state and under the control of her mother, Thompson's ex-wife. Trial counsel expressed some suspicion about the videotaped interview because of the breaks, and he said he called Porisch to testify regarding the unreliability of the interview procedure for that reason. Neither party at the K.S.A. 60-1507 evidentiary hearing asked trial counsel about his decision not to object to the testimony of S.T.'s mother about Thompson's incarceration or to S.T.'s mention during the videotaped interview of Thompson pulling out a knife and attempting to cut her mother.

Thompson testified that he remembered telling his trial counsel that he wanted his children to testify at trial, to which counsel replied: "I'm not putting them on the stand and you can fire me if you don't like it." Thompson also testified that counsel told him the videotaped interview of S.T. had to be admitted and would probably lead to conviction. Thompson did not recall discussing

the use of any other experts with his counsel, but he thought a psychologist should have been hired to testify about the psychology, sexuality, and memory of children. Thompson also testified that his counsel made no attempt to stop the prosecutor from introducing evidence of Thompson's prior incarceration.

The district judge expressly found that Thompson's testimony was less credible than his counsel's, and ruled:

"I think the main claim here is the claim that the little girl didn't take the stand. I find the defendant's testimony on that issue not to be credible. I find [counsel's] testimony to be credible. . . . I believe [counsel] when he says that was discussed with his client and he chose not to do it. The rest of the matter is just flyspecking that is done in hindsight that we could do on any trial. And I don't see anything that even if it would have been different or [counsel] would have objected on the other matters that would have caused any kind of a change in the ultimate verdict that was rendered anyway. The bottom line is the little girl was here, capable of testifying, available to testify I guess I should say, and it came down to her word that the jury believed. That and the testimony of the mother. And all these other matters that he complains about in my opinion would not have changed the outcome even if [counsel] had objected.

. . . .

"The one point again I want to re-emphasize that that wouldn't be true is if I believed that [counsel] purposely did not put this little girl on. But the fact of the matter is [counsel] has testified that wasn't the case. That was the decision of the defendant not to do so. And I, that's a trial tactic anyway. We don't know but what if the little girl would have taken the stand would have hurt his case even more. Could have . . . gone the opposite way. There can be a lot of sympathy, a six year old girl taking the stand. I don't know what the reasons were that the defendant chose not to or agreed that the child shouldn't take the stand. But I, based on [counsel's] testimony that that was discussed, it was the trial tactic, and I'm simply unwilling to find on that point that [counsel] is responsible for that as opposed to the defendant."

Thompson appealed the district judge's ruling on the merits of his motion based on ineffective assistance of trial counsel. He also challenged the district judge's dismissal of parts of his amended motion as untimely. The Court of Appeals panel affirmed the district judge's rulings.

We accepted Thompson's petition for review on the same issues. At oral argument before this court, Thompson's counsel abandoned the argument that Thompson should have been permitted to pursue his prosecutorial misconduct claim. His counsel also clar-

ified that the only K.S.A. 60-455 evidence that Thompson was alleging should have been subject to a defense objection was S.T.'s reference during her videotaped interview to the knife incident.

## DISCUSSION

*Amendment Under K.S.A. 60-215(a) and Timeliness Under K.S.A. 60-215(c)*

We first address the procedural question before us: Should Thompson have been permitted to pursue his claim that his appellate counsel was ineffective?

Under the 1-year limitations period of K.S.A. 60-1507(f), Thompson had until November 3, 2006, to pursue K.S.A. 60-1507 relief. His original November 2, 2006, motion alleging ineffective assistance of trial counsel beat that deadline; but his April 20, 2007, attempt to amend his motion fell far outside the time limit. On this petition for review, Thompson argues that he should have been permitted to pursue his amended claim that his appellate counsel was ineffective because the claim related back to the time of the filing of the original motion under the version of K.S.A. 60-215(c)(1) then in effect. At that time, the statute read: "An amendment of a pleading relates back to the date of the original pleading when . . . [t]he claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." K.S.A. 60-215(c).

An appellate court generally reviews a district judge's decision on a motion to amend pleadings for abuse of discretion. *Rice v. State*, 43 Kan. App. 2d 428, 433, 225 P.3d 1200 (2010) (citing *Clevenger v. Catholic Social Service of the Archdiocese of Kansas City*, 21 Kan. App. 2d 521, 524, 901 P.2d 529 [1995]); see *Stehlik, Executor v. Weaver*, 206 Kan. 629, 636, 482 P.2d 21 (1971). But we review a district judge's legal conclusions, on a K.S.A. 60-1507 motion and in other settings, under a de novo standard. *State v. Gonzales*, 289 Kan. 351, 358-59, 212 P.3d 215 (2009).

We see the issue in this case somewhat differently from Thompson. Rather than purely a question of whether the district judge abused his discretion by refusing to allow amendment, the question

is whether the district judge erred as a matter of law by dismissing the amended claim for ineffective assistance of appellate counsel. We review district court legal rulings de novo. See *Gonzales*, 289 Kan. at 359. In addition, our resolution of this case requires us to interpret K.S.A. 60-1507, K.S.A. 60-215, and Supreme Court Rule 183 (2010 Kan. Ct. R Annot. 255). Interpretation of statutes and Supreme Court rules raises questions of law reviewable de novo. See *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010) (statutes); *Shamberg, Johnson & Bergman, Chtd. v. Oliver*, 289 Kan. 891, 901, 220 P.3d 333 (2009) (rules).

For civil actions, K.S.A. 60-215 authorizes and controls relation back of pleading amendments. As we discussed in *Pabst v. State*, 287 Kan. 1, 192 P.3d 630 (2008), the version of K.S.A. 60-215, specifically its subsection (a), in effect at the time of Thompson's motion and attempted amendment in district court, did not permit K.S.A. 60-1507 movants to amend their motions as of right.

In *Pabst*, movant Tod A. Pabst originally alleged 11 grounds for relief, including a claim for ineffective assistance of trial counsel. At the time the motion was filed, Pabst's attorney informed the court that a full investigation had not been completed and that a supplemental pleading would be filed later, *with leave of the court*. Nothing additional had been filed by the time the attorney withdrew from the representation nearly 11 months later. *Pabst*, 287 Kan. at 2-3.

Approximately 6 months after the original attorney's withdrawal, Pabst's new attorney, without formally seeking leave of the court, filed a pleading titled "Amended Petition Pursuant to K.S.A. 60-1507." The "Amended Petition" set forth 16 grounds of relief, 10 of them different from those in the original motion. The new claims alleged new grounds for ineffective trial counsel, ineffective appellate counsel, and cumulative errors of trial counsel.

The State sought dismissal of all claims not raised in the original motion under the time bar of K.S.A. 60-1507(f). *Pabst*, 287 Kan. at 3.

In response, Pabst argued that he had an absolute right to amend his motion under K.S.A. 60-215(a), which then read:

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Assuming the authority to amend as a matter of right, Pabst then claimed entitlement to relation back under K.S.A. 60-215(c). In his view, because his amended claims were of the same type as the claims in his original motion, they should be viewed as timely under K.S.A. 60-215(c)(1), which requires that a claim asserted in an amended pleading arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

The district court judge disagreed with Pabst, dismissing the 10 new allegations under the 1-year statute of limitations in K.S.A. 60-1507(f). The district judge reasoned that Kansas law did not require the State to answer or otherwise plead to Pabst's K.S.A. 60-1507 motion and that it was presumed Pabst would set out all of the grounds for relief upon which he was relying in the original filing. Because no authority for amendment as a matter of right existed, relation back could not save any new ground for relief not stated in Pabst's original motion. The district court then proceeded on the initial claims and the grounds stated for them in the original motion, even permitting Pabst to rely upon grounds he attempted to abandon by amendment. After an evidentiary hearing, the district court denied the motion.

On appeal, we first addressed Pabst's argument that he was entitled to amend his K.S.A. 60-1507 motion as a matter of right.

Although K.S.A. 60-215 referred to amendment of a "pleading" while a K.S.A. 60-1507 proceeding was launched by a "motion," we admitted that Rule 183(a) (2010 Kan. Ct. R. Annot. 255) tended to obscure the technical distinction between the terms by stating that a K.S.A. 60-1507 motion constituted "an independent civil action which should be separately docketed." This blurred distinction meant that a K.S.A. 60-1507 motion could be treated as a

"pleading" within the meaning of K.S.A. 60-215. *Pabst*, 287 Kan. at 23.

Nevertheless, Rule 183 also provided that the rules of civil procedure were to govern K.S.A. 60-1507 proceedings only "insofar as applicable." (2010 Kan. Ct. R. Annot. 255). And neither of the time periods in which K.S.A. 60-215(a) authorized amendment as a matter of right were applicable in Pabst's case: The amendment was not made either (1) before a responsive pleading was served, or (2) within 20 days of service of the original pleading because a responsive pleading was not permitted. In a K.S.A. 60-1507 action, because a responsive pleading was permitted but not required, neither time period ever arose. *Pabst*, 287 Kan. at 23-24.

Having disposed of Pabst's argument that he was entitled to amend as of right, we then implicitly treated his attempted amendment as one sought with leave of court, the other scenario envisioned by K.S.A. 60-215(a) (Furse) and the one actually anticipated by Pabst's original counsel at the time the initial motion was filed. *Pabst*, 287 Kan. at 24-25. Assuming leave to amend was granted, timeliness of the amended claims remained in issue, and the question became whether the amended claims related back to the time of the original motion under K.S.A. 60-215(c). *Pabst*, 287 Kan. at 25. In short, K.S.A. 60-215(a) dealt with authority to amend; and K.S.A. 60-215(c) dealt with timeliness of any amended claims made as a matter of right *or* with leave of court.

On timeliness, we considered the district court's examination of the body of law regarding relation back developed under the federal habeas statute, 28 U.S.C. § 2255 (2000) (amended 2008). In particular, we pointed to *Mayle v. Felix*, 545 U.S. 644, 650-51, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005), in which the United States Supreme Court held that an amended habeas petition did not relate back and thus could not escape a 1-year time limitation. The *Mayle* amendment asserted a new ground for relief, supported by facts differing in both *time and type* from those in the original pleading. (Emphasis added.) *Pabst*, 287 Kan. at 24-25 (citing *Mayle*, 545 U.S. at 650-52 [challenge to admission of witness statements under Confrontation Clause, challenge to admission of de-

fendant's statement as violation of Fifth Amendment do not share common core of operative fact]).

Applying a similar time and type test in Pabst's case—essentially equivalent to the plain language of K.S.A. 60-215(c)(1) requiring any amended claims to arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"—we ultimately concluded that the district court did not err by disallowing relation back for seven of Pabst's ten new claims. These seven were based on grounds different from those asserted in the original motion, while the remaining three new claims were effectively addressed by the hearing on the original motion. *Pabst*, 287 Kan. at 25.

In this case, Thompson followed a path similar to Pabst's. He attempted to amend as of right, which was not possible under K.S.A. 60-215(a). But Thompson was free to amend with leave of court, and the district judge was encouraged to grant such leave freely when justice required it. This was, in effect, exactly what the district judge did. He permitted some of the amended claims to go forward, those that were of the same time and type as those raised in Thompson's original motion, *i.e.*, those that arose "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" under K.S.A. 60-215(c). He dismissed those that were not timely under K.S.A. 60-215(c), because they were not of the same time and type as those in the original motion, and this dismissal properly included the claim that appellate counsel was ineffective. The timing of an appeal, as opposed to trial representation, and the function assigned to appellate counsel, as opposed to trial counsel, differ. This is true even when the counsel is the same person in both phases of the proceedings. An allegation that trial counsel has rendered ineffective assistance is legally distinct from an allegation that appellate counsel has done likewise.

It is apparent that our Court of Appeals has struggled with how to treat attempted K.S.A. 60-215(a) amendments to motions filed under K.S.A. 60-1507 and whether to allow relation back to make certain claims timely under K.S.A. 60-215(c). See *Rice v. State*, 43 Kan. App. 2d at 438-39 (permitting relation back of claim of in-

effective appellate counsel to timely claim of ineffective trial counsel despite invocation of *Pabst* time and type test; recognizing difficulty from differing applicable standards); *Ludlow v. State*, 37 Kan. App. 2d 676, 683-84, 157 P.3d 631 (2007) (equating amendments to K.S.A. 60-1507 motions to impermissible successive motions under K.S.A. 60-1507[c] and Supreme Court Rule 183[d]; disallowing amendment, relation back); *Hill v. State*, No. 103,386, 2011 WL 588617, at *1-2 (Kan. App. 2011) (unpublished opinion) *rev. denied* 291 Kan. 911 (2011) (distinguishing between amendment to original K.S.A. 60-1507 motion on one hand, successive motion filed after original motion denied on other); see *Walker v. State*, No. 101,431, 2010 WL 2545645 (Kan. App. 2010) (unpublished opinion) (applying time and type test to limit relation back to certain claims identical to those in original motion).

Our decision today clarifies that, under the version of K.S.A. 60-215 in effect before its amendment on July 1, 2010, *authority* to amend under K.S.A. 60-215(a) is distinct from *timeliness* of claims under the relation back provision of 60-215(c). Two avenues of amendment are available under K.S.A. 60-215(a), one as of right that is inapplicable to K.S.A. 60-1507 motions, and one with leave of court that is applicable to K.S.A. 60-1507 motions, as well as other pleadings. If an amendment to a K.S.A. 60-1507 motion is permitted, the timeliness of amended claims is subject to the *Pabst* time and type test enunciated in K.S.A. 60-215(c), *i.e.*, relation back is permitted only if the new claims arose "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." We disapprove pronouncements in prior Court of Appeals cases to the extent they are inconsistent with this rubric.

*Merits of Ineffective Assistance of Trial Counsel Claim*

Thompson asserts that his trial counsel provided ineffective assistance in violation of the Sixth Amendment to the United States Constitution in four ways: (1) by failing to request an independent psychological evaluation of the victim, (2) by stipulating to admission of the victim's videotaped interview, (3) by waiving his right to confrontation by failing to put the victim on the witness stand, and (4) by failing to object to evidence that Thompson pulled a

knife on the victim's mother. Thompson argues that these errors, both individually and cumulatively, require reversal and remand for new trial.

A claim of ineffective assistance of trial counsel presents mixed questions of law and fact requiring de novo review. *State v. Adams,* 292 Kan. 151, 167, 254 P.3d 515 (2011) (citing *Harris v. State,* 288 Kan. 414, 416, 204 P.3d 557 [2009]). To support a claim of ineffective assistance of counsel, it is incumbent upon a defendant to prove that (1) counsel's performance was deficient, and (2) counsel's deficient performance was sufficiently serious to prejudice the defense and deprive the defendant of a fair trial. *State v. Gleason,* 277 Kan. 624, 643, 88 P.3d 218 (2004); see also *State v. Davis,* 277 Kan. 309, 314, 85 P.3d 1164 (2004); *State v. Orr,* 262 Kan. 312, 317, 940 P.2d 42 (1997); *State v. Rice,* 261 Kan. 567, 598-603, 932 P.2d 981 (1997) (quoting *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]).

"The first prong of the test for ineffective assistance of counsel requires a defendant to show that counsel's representation fell below an objective standard of reasonableness, considering all the circumstances. Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. We must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. [Citation omitted.]

"Once a defendant has established counsel's deficient performance, the defendant also must establish prejudice by showing that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. [Citation omitted.]" *Bledsoe v. State,* 283 Kan. 81, 90-91, 150 P.3d 868 (2007).

See also *State v. Bricker,* 292 Kan. 239, 245, 252 P.3d 118 (2011).

When the district court conducts an evidentiary hearing on a K.S.A. 60-1507 motion, as in this case, the appellate court reviews any factual findings for substantial competent evidence and evaluates whether those findings support the trial judge's conclusions

of law. *Adams*, 292 Kan. at 167. The district judge's legal conclusions are reviewed de novo. *Gonzales*, 289 Kan. at 358-59.

*Independent Psychological Evaluation of S.T.*

It is within the province of a lawyer to decide what witnesses to call, whether and how to conduct cross-examination, and other strategic and tactical decisions. *State v. Ward*, 227 Kan. 663, Syl. ¶ 1, 608 P.2d 1351 (1980). But, "when counsel lacks the information to make an informed decision due to inadequacies of his or her investigation, any argument of 'trial strategy' is inappropriate." *Mullins v. State*, 30 Kan. App. 2d 711, 716-17, 46 P. 3d 1222 (2002) (citing *Clay v. State*, 954 S.W.2d 344, 349 [Mo. App. 1997]); see *State v. Gonzales*, 289 Kan. at 358. The State argues that Thompson's trial counsel made a strategic decision not to pursue an independent psychological evaluation of S.T., but the record before the district judge does not support this view.

At the evidentiary hearing on Thompson's K.S.A. 60-1507 motion, trial counsel testified that he and Thompson never discussed having S.T. examined by any other expert, and the biggest reason counsel did not seek an independent evaluation was S.T.'s residence in California with her mother. Counsel stated he was concerned about the direct influence S.T.'s mother had over her. A recognition of the logistical difficulty posed by one avenue of investigation is not the same as a strategic decision not to pursue that avenue after pursuit of an adequate alternate.

That being said, Thompson is not entitled to relief on this allegation of trial counsel's insufficiency.

Although the record contains some evidence of S.T.'s prior sexualized behavior with a young cousin and another individual—information that provided the backdrop for defense cross-examination questions to S.T.'s mother, a detective, and Linka—Thompson does not demonstrate that a motion for independent psychological examination would have been successful. See *Overton v. State*, No. 99,007, 2009 WL 743175, *9 (unpublished opinion) (Kan. App. 2009), *rev. denied* 289 Kan. 1279 (2009) (allegation of ineffective assistance of counsel for failure to file motion for independent psychological evaluation of victim must be supported by record, ar-

guments making motion, if filed, unlikely to succeed); *Wedgworth v. State*, No. 99,339, 2009 WL 398971, *2 (unpublished opinion) (Kan. App. 2009), *rev. denied* 289 Kan. 1286 (2009) (same); *Westerman v. State*, No. 94,627, 2006 WL 2440003, *4 (unpublished opinion) (Kan. App. 2006), *rev. denied* 282 Kan. 797 (2006) (same). And it is plain to us from the record that success was unlikely under the high standard set by this court in *State v. Berriozabal*, 291 Kan. 568, 581, 243 P.3d 352 (2010); *State v. Price*, 275 Kan. 78, 80, 61 P.3d 676 (2003); and *State v. Gregg*, 226 Kan. 481, 487-90, 602 P.2d 85 (1979).

*Berriozabal* listed six nonexclusive factors a court must consider in evaluating the totality of circumstances in a case to determine whether an order for an independent psychological evaluation of a victim should issue:

"(1) whether there was corroborating evidence of the complaining witness' version of the facts,

"(2) whether the complaining witness demonstrates mental instability,

"(3) whether the complaining witness demonstrates a lack of veracity,

"(4) whether similar charges by the complaining witness against others are proven to be false,

"(5) whether the defendant's motion for a psychological evaluation of the complaining witness appears to be a fishing expedition, and

"(6) whether the complaining witness provides an unusual response when questioned about his or her understanding of what it means to tell the truth." *Berriozabal*, 291 Kan. at 581 (citing *Price*, 275 Kan. at 84; *Gregg*, 226 Kan. at 490).

The presence of these factors, among others, would cast serious doubt on a victim's mental stability. They involve "demonstrable evidence of a mental condition that requires further investigation, not the mere allegation of some untoward mental condition"—*i.e.* mere allegation of mental instability does not support a request for a psychological evaluation. *Berriozabal*, 291 Kan. at 581.

Thompson has not shown that these factors applied to S.T. Without that showing, we cannot say that any motion filed by his counsel was likely to succeed. Failure to file, therefore, does not meet the first prong of *Strickland*, 466 U.S. at 687.

*Stipulation to Admission of S.T.'s Videotaped Interview*

Thompson next argues that his trial counsel was ineffective because he stipulated to the admission of a videotaped interview of S.T. without requiring the State to satisfy K.S.A. 22-3433(a), since repealed. See L. 2010, ch. 90, § 3. That statute provided that a recording of a statement of a child crime victim younger than 13, made before proceedings began, was admissible only if nine conditions were met. Those conditions included the child's availability to testify live and the trial court's determination that "the time, content and circumstances of the statement provide sufficient indicia of reliability." K.S.A. 22-3433(a)(9), (a)(1). The statute also required that the recorded statement was not made "solely as a result of a leading or suggestive question." K.S.A. 22-3433(a)(5).

It is first important to note that the stipulation was not counsel's alone. At the beginning of trial, Thompson's counsel and the prosecutor informed the judge that the parties agreed to present the videotape to the jury. Thompson's counsel said he was "not going to put that little girl through cross examination," although S.T. was present for trial. Later, trial counsel objected to certain portions of the tape for reasons no longer at issue, and the judge overruled those objections. Then, before the videotape was shown to Thompson's jury, the judge specifically asked Thompson himself if he agreed to playing the videotape in lieu of S.T.'s live testimony. Thompson responded: "Yes, yes, sir."

At the evidentiary hearing on Thompson's K.S.A. 60-1507 motion, trial counsel testified that he was suspicious of the videotape of S.T. because of the off-camera breaks during the interview. He therefore called Porisch to testify about the unreliability of the interview procedure; her testimony was designed to intimate that S.T. had been coached, although the judge ruled that Porisch could not say so directly. Trial counsel also testified that he had discussed whether to put S.T. on the stand with Thompson, and Thompson had expressed concern that S.T. would carry the burden of having put her father in prison. Trial counsel denied refusing to put S.T. on the witness stand, which would have been permitted under K.S.A. 22-3433(b), even though the videotape was also admitted.

In his ruling on Thompson's K.S.A. 60-1507 motion, the district judge explicitly found trial counsel's testimony on this subject credible, more credible than Thompson's.

Under these circumstances, we see no deficient performance by trial counsel in stipulating to admission of the videotape, even without forcing the trial judge to rule formally that the timing, content, and circumstances of the statement it recorded provided "sufficient indicia of reliability" and without forcing the State to argue that that the interview performance of S.T. was not prompted "solely" by "leading or suggestive question[s]." Accepting, as we must, the district judge's assessment of the relative credibility of Thompson and his trial counsel, counsel pursued a strategy to maximize the opportunity to assail the videotaped interview method without directly attacking the young and presumably vulnerable S.T. Here, although counsel could have made this strategic choice without input from his client, see *Bledsoe*, 283 Kan. at 92 (choice of witnesses belongs to counsel), he consulted Thompson. And the strategy pursued had the further salient benefit of being consistent with the client's contemporaneous wishes, as expressed on the record to the trial judge when the videotape was admitted and played.

Thompson is not entitled to reversal and remand for new trial based on his trial counsel's stipulation to the videotaped testimony of S.T. He is unable to show that this decision fell below an objective standard of reasonableness.

### *Waiver of Right to Confrontation*

Thompson's next ground for alleging ineffective assistance of trial counsel is based on his factual contention that his trial counsel refused to call S.T. as a live witness and failed to inform him that choosing not to call her waived Thompson's constitutional right of confrontation. Thompson asserts that this made any waiver of his right unknowing and involuntary.

The credibility assessment of the district judge who presided over the evidentiary hearing on Thompson's underlying K.S.A. 60-1507 motion dooms this argument. At the hearing, trial counsel testified that he and Thompson discussed whether to put S.T. on the stand and mutually decided against it. He denied that he had

refused to call her as a witness; indeed, had Thompson wanted his daughter to testify, trial counsel said he would have acquiesced in that plan.

Moreover, we are unwilling to impose upon criminal defense counsel the burden of teaching a short course on constitutional law to every client. The case cited by defendant, *State v. Anziana*, 17 Kan. App. 2d 570, 571, 840 P.2d 550 (1992), is not to the contrary. *Anziana* dealt with whether a defendant knowingly and voluntarily entered a plea of guilty. Similarly, in this court's recent decision in *State v. Bricker*, 292 Kan. 239, 252, 252 P.3d 118 (2011), we held defense counsel's performance was deficient for failing to inform the client of his right to enter a plea. Choice of plea is one of the few decisions about the conduct of a criminal case that rests entirely with the client, and advice on the rights that may be invoked or waived in making that choice is correctly deemed compulsory. This is not the case with the decision on whether to call a particular witness to "confront" that witness' story live rather than in the form of a videotape that cannot talk back.

For these reasons, we find that counsel's performance was not deficient for failing to advise Thompson of his right to confront S.T., and he fails the first prong of the *Strickland* test.

### *Failure to Object to S.T.'s Mention of Knife Incident*

Thompson's last allegation of ineffective assistance of trial counsel focuses on counsel's failure to object to S.T.'s mention of Thompson pulling a knife on her mother. Thompson argues that S.T.'s mention of this incident should have been excluded from the videotape of S.T.'s interview because it was inadmissible under K.S.A. 60-455, governing admissibility of other crimes or civil wrongs. Thompson's trial counsel did object unsuccessfully to certain other bad acts evidence on the videotape but not to the knife incident.

Even at this late stage of this action, an allegation remains all that Thompson can muster. Thompson testified at the evidentiary hearing about his displeasure with trial counsel's failure to prevent his ex-wife from mentioning only his prior incarceration. When Thompson's trial counsel testified at the evidentiary hearing, nei-

ther side questioned him about the failure to object to S.T.'s mention of the knife incident. We thus have no way of knowing whether trial counsel made a strategic choice with some legal or logical support, which is not deficient performance under the first prong of *Strickland*, 466 U.S. at 687, or whether trial counsel made a conscious choice with no support or made no choice at all, *i.e.*, overlooked the necessity or advisability of the missing objection. It was Thompson's burden to show that his counsel made a mistake subject to classification as constitutionally deficient performance. He did not meet that burden.

### Cumulative Error

Finally, Thompson contends that the cumulative effect of his trial counsel's alleged errors mandates reversal and remand for new trial.

" 'Cumulative trial errors, when considered collectively, may be so great as to require reversal of the defendant's conviction. The test is whether the totality of circumstances substantially prejudiced the defendant and denied him a fair trial. No prejudicial error may be found upon this cumulative effect rule, however, if the evidence is overwhelming against the defendant.' " *State v. Ellmaker*, 289 Kan. 1132, 1156, 221 P.3d 1105 (2009) (quoting *State v. Brown*, 285 Kan. 261, 305-06, 173 P.3d 612 [2007]).

We have found no error; thus, the cumulative error rule is inapplicable. See *State v. Miller*, 293 Kan. 535, 582, 264 P.3d 461 (2011).

### CONCLUSION

The version of K.S.A. 60-215(a) in effect at the time this case was litigated in district court permitted movant Marc Thompson to amend his K.S.A. 60-1507 motion with leave of court. But the district judge correctly dismissed Thompson's claim for ineffective assistance as untimely. It did not qualify for relation back to the filing date of his original motion under the version of K.S.A. 60-215(c) in effect at the time of filing, because it was different in time and type from the claims made in that motion.

Thompson's claim that he was denied effective assistance of trial counsel under the Sixth Amendment because of a failure to request an independent psychological evaluation of the victim, a stipulation

to admission of the victim's videotaped interview, an unknowing and involuntary waiver of his right to confrontation, and/or a failure to object to evidence that Thompson pulled a knife on the victim's mother is without merit.

The decision of the district court is affirmed; the decision of the Court of Appeals is affirmed.