NOT DESIGNATED FOR PUBLICATION

No. 114,662

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JEREMIAH CHARLES TUSH,
*Appellee*,

v.

STATE OF KANSAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed February 10, 2017. Reversed and remanded with directions.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.

MALONE, J.:  The State appeals the district court's decision granting Jeremiah Charles Tush's K.S.A. 60-1507 motion and finding that Tush is entitled to a new trial. Specifically, the district court ruled that Tush is entitled to a new trial because the trial court failed to adequately advise Tush of his right to a jury trial prior to him waiving that right. On appeal, the State first argues that the district court erred in finding that Tush's amended claim that his jury trial waiver was inadequate related back to the claim Tush made in his original K.S.A. 60-1507 motion. Second, the State argues that Tush abandoned his claim that his jury trial waiver was inadequate in his direct appeal. Third,

1

the State argues that the district court erred in finding that the trial court failed to adequately advise Tush of his right to a jury trial prior to him waiving that right.

We agree with the State that Tush's amended claim that his jury trial waiver was inadequate did not relate back to the claim Tush made in his original K.S.A. 60-1507 motion; thus, the district court erred in considering the untimely claim in the first place. In the alternative, we agree with the State that the district court erred in finding that the trial court failed to adequately advise Tush of his right to a jury trial prior to him waiving that right. Thus, we reverse the district court's decision granting Tush a new trial and remand with directions for the district court to deny Tush relief under K.S.A. 60-1507.

FACTUAL AND PROCEDURAL BACKGROUND

The facts relating to the underlying criminal prosecution are set forth in *State v. Tush*, No. 106,558, 2012 WL 6061557, at *1-3 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1256 (2013). On June 20, 2009, the State charged Tush with making a false information, identity fraud, manufacturing methamphetamine, battery on a law enforcement officer, obstruction of official duty, and possession of a precursor drug. The charges arose from an incident wherein the police found Tush in a motel room with a methamphetamine lab. Tush filed a motion to suppress asserting that the drug-related evidence was obtained after an illegal search and seizure. The district court denied the motion to suppress.

On August 6, 2010, Tush waived his right to a jury trial at a pretrial conference involving both Tush and his codefendant, Amy Crutchfield. Tush's trial attorney, Zane Todd, was not in the courtroom at the beginning of the hearing; however, Tush was present. During the hearing, Judge John P. Bennett advised Crutchfield of her right to a jury trial, including a statement telling her that "[y]ou do have a right to have a 12-person jury but you can waive that right." Crutchfield agreed to waive her right to a jury trial,

and her case was scheduled for a bench trial. A few moments later, with Todd now present in the courtroom, Judge Bennett addressed Tush about waiving his right to a jury trial, and the following exchange took place:

"MR. TODD: Zane Todd for Mr. Tush who appears in person.

"We're willing to waive and also want to waive the jury trial and set for a bench trial.

"THE COURT: Mr. Tush, you heard what we talked about in the Crutchfield case about the right to have a jury trial. You understand you have that right and you can give it up if you want and your attorney indicates you want to do that rather than try your case to a jury, just try it to the Court.

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. You agree with that?

"THE DEFENDANT: Yes, I do.

"MR. GLASSER: For the record, the State is fine waiving jury trial.

"THE COURT: The Court will set for the Court trial and when do you want to do that?"

After a bench trial, Judge Bennett found Tush guilty on all counts except making a false information and sentenced him to a 176-month term of imprisonment. Tush appealed his convictions to this court, challenging the denial of his motion to suppress, but his convictions were affirmed on appeal. 2012 WL 6061557, at *9. The Supreme Court denied Tush's petition for review on May 20, 2013.

On April 15, 2014, Tush timely filed a pro se motion under K.S.A. 60-1507. In the motion, Tush alleged four grounds for challenging his convictions and sentence. The grounds were broadly alleged as: (1) "Ineffective Assistance of Counsel"; (2) "Illegally sentenced on count VI 'Possession of a Precursor Drug" [*sic*]; (3) "Courts failed to provide equal protection of the law"; and (4) "The assessment of the amount of restitution." Tush's ineffective assistance of counsel claim included a specific claim that his trial counsel coerced him "into forsaking [*sic*] his rights to a jury trial by siding with

3

the D.A. in the conveyance of a theory of possibly doubling the sentence which put fear into defendant [*sic*] to do whatever not to get a massive amount of time."

The State filed a motion to dismiss Tush's K.S.A. 60-1507 motion on August 25, 2014. Tush's appointed counsel thereafter completed a "Response to State's Motion to Dismiss." According to the certificate of service, Tush's response was sent to the State on November 1, 2014; however, it was not filed with the court until March 25, 2015. In his response to the State's motion to dismiss, and in conjunction with Tush's ineffective assistance of counsel claim, Tush briefly argued that he had not been properly "advised as to his right to a trial by jury." This argument was the first mention in any of Tush's K.S.A. 60-1507 pleadings of any claim that his jury trial waiver was inadequate.

On March 5, 2015, the district court held a hearing on the State's motion to dismiss. At the beginning of the hearing it was discovered that Tush's attorney had failed to properly file the response to the State's motion to dismiss, and the court was seeing the response for the first time at the hearing. Also, Tush acknowledged he was "conceding all claims" in his original K.S.A. 60-1507 motion except those claims included in his response to the State's motion to dismiss concerning ineffective assistance of counsel.

The idea of the inadequate jury trial waiver being raised as its own separate claim was first mentioned by Tush's counsel at the hearing on the motion to dismiss when she explained to the court how Todd was ineffective in regard to Tush's jury trial waiver. Specifically, Tush's K.S.A. 60-1507 counsel stated, "there is some possibility that . . . the waiver was not proper." The district court immediately recognized this was a different claim from the claims set forth in the original K.S.A. 60-1507 motion. Nevertheless, the district court determined that it would grant an evidentiary hearing on Tush's ineffective assistance of counsel claims, including his original claim that his trial counsel coerced him into waiving his jury trial and his new claim that his jury trial waiver was inadequate.

4

On April 3, 2015, Tush filed a document entitled "Petitioner's Request for Leave of Court to Amend His K.S.A. 60-1507 Petition Pursuant TO [] K.S.A. 60-215(b)." Tush requested the district court to allow him to amend his K.S.A. 60-1507 motion to include a separate claim that his jury trial waiver was inadequate. Tush argued that his amended claim that his jury trial waiver was inadequate related back to the claim in his original K.S.A. 60-1507 motion that his trial counsel coerced him into waiving his jury trial.

The district court held an evidentiary hearing on all outstanding claims on May 7, 2015. At the beginning to the hearing, the district court found that Tush's newly raised claim that his jury trial waiver was inadequate related back to the claim in his original K.S.A. 60-1507 motion that his trial counsel coerced him into waiving his jury trial. However, the district court ruled that other amended claims asserted by Tush did not relate back to any claims he made in the original K.S.A. 60-1507 motion and would not be considered by the court. Tush and Todd both testified at the hearing. After hearing the evidence, the district court took the matter under advisement.

On October 7, 2015, the district court filed an order granting relief to Tush on his claim that the trial court failed to adequately advise Tush of his right to a jury trial prior to him waiving that right. The district court first found "that the adequacy of [Tush's] jury trial waiver [claim] does relate back to his claim that defense counsel coerced him into waiving his right to a jury trial." Then, after reviewing the record before the district court, the court agreed with Tush's newly asserted claim "that his waiver of jury trial was ineffective because he was not adequately informed by the trial court of his jury trial rights." In making this finding, the district court focused on the fact that there was no way of knowing whether Tush was paying attention to Judge Bennett when he advised Crutchfield that she had a right to a jury trial. Accordingly, the district court found that Tush "is entitled to a new trial." The district court denied Tush relief on his remaining claims including his claim that Todd unduly coerced him into waiving his jury trial. The State timely appealed the district court's ruling. Tush did not file a cross-appeal.

5

## DID TUSH'S AMENDED CLAIM RELATE BACK TO HIS ORIGINAL MOTION?

The State first argues that the district court erred in finding that Tush's amended claim that his jury trial waiver was inadequate related back to the original claim in his K.S.A. 60-1507 motion that his trial counsel coerced him into waiving his right to a jury trial. The State points out that Tush never formally amended his K.S.A. 60-1507 motion to assert a claim that his jury trial waiver was inadequate. Tush did not file his request for leave to amend his K.S.A. 60-1507 motion until April 3, 2015, and the district court did not formally allow the amendment prior to the evidentiary hearing. The State contends that Tush's amended claim does not meet the standards for relation back of amendments under K.S.A. 60-1507 as outlined in *Thompson v. State*, 293 Kan. 704, 713, 270 P.3d 1089 (2011). Thus, the State argues that the amended claim was untimely and the district court erred in considering the claim.

Tush argues that the district court correctly found that his amended claim that his jury trial waiver was inadequate related back to his original claim that his trial counsel coerced him into waiving his right to a jury trial. Thus, Tush argues that the amended claim was timely and properly considered by the district court. Tush made no claim in district court and he makes no claim on appeal that the time limitation for his amended claim should have been extended to prevent manifest injustice. See K.S.A 60-1507(f)(2).

Kansas appellate courts exercise de novo review when reviewing the district court's legal conclusions in a K.S.A. 60-1507 motion. *Thompson*, 293 Kan. at 709. Moreover, the issue of whether Tush's amended claim relates back to his original K.S.A. 60-1507 motion is controlled by K.S.A. 2015 Supp. 60-215(c). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

Tush's original K.S.A. 60-1507 motion was timely filed on April 15, 2014, within 1 year of the final order in his direct appeal. See K.S.A. 60-1507(f)(1). Tush's original motion included a claim that his trial counsel coerced him into waiving his jury trial. The earliest mention of Tush's amended claim that the trial court failed to adequately advise him of his right to a jury trial was in Tush's response to the State's motion to dismiss, filed on March 25, 2015, well after the 1-year deadline for Tush to file a timely K.S.A. 60-1507 motion. Thus, the district court could not consider the merits of Tush's untimely claim that his jury trial waiver was inadequate without finding that the amended claim related back to Tush's original motion. See K.S.A. 2015 Supp. 60-215(c).

Pursuant to K.S.A. 2015 Supp. 60-215(c)(2), a claim asserted in an amended pleading relates back to the date of the original pleading when the "amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading." See *Thompson*, 293 Kan. at 713. However, "[a]n amendment to a motion for relief under K.S.A. 60-1507 that asserts a new ground for relief which is supported by facts that differ in both time and type from those grounds set forth in the original motion does not relate back to the date of the original motion so as to circumvent the 1-year limitation of K.S.A. 60-1507(f)(1)." *State v. Pabst*, 287 Kan. 1, Syl. ¶ 7, 192 P.3d 630 (2008).

Based on the record presented in this case, we agree with the State that Tush's amended claim that his jury trial waiver was inadequate did not properly relate back to his original claim that his trial counsel coerced him into waiving his right to a jury trial. The conduct, transaction, or occurrence set out in Tush's original pleading is that his trial counsel coerced him into waiving his jury trial by siding with the prosecutor and convincing Tush that his sentence would double if his case went to a jury trial. As the State correctly asserts, the conduct described in Tush's original claim involves the relationship and discussions Tush had with his trial attorney, Todd, and the discussions Todd had with the prosecutor prior to the jury trial waiver in open court. The actions of

7

Judge Bennett in advising Tush of his right to a jury trial and in accepting Tush's jury trial waiver are not implicated in any way in his original claim.

Tush's amended claim is that Judge Bennett failed to adequately advise Tush of his right to a jury trial prior to him waiving that right. The conduct, transaction, or occurrence set out in Tush's amended claim relates solely to the adequacy of Tush's jury trial waiver in open court when Judge Bennett addressed Tush and explained his right to a jury trial and asked Tush whether he wanted to waive that right. This claim has nothing to do with conversations between Todd and the prosecutor prior to the waiver in open court and whether Tush was coerced or pressured into waiving his right to a jury trial by the threat of receiving a longer sentence if he exercised that right.

The only remote connection between the two claims is that they both relate to the jury trial waiver, but that connection alone is insufficient to meet the standards for relation back of amendments under K.S.A. 2015 Supp. 60-215(c). The evidence that must be examined to establish each claim is different, and Tush's new ground for relief is supported by facts that differ in both time and type from those grounds set forth in the original motion. See *Pabst*, 287 Kan. at 25. The two claims do not arise out of the same conduct, transaction, or occurrence in order for the amended claim to relate back to the date of the original pleading. See *Thompson*, 293 Kan. at 713.

We conclude that the district court erred in finding that Tush's amended claim that his jury trial waiver was inadequate related back to his original claim that his trial counsel coerced him into waiving his right to a jury trial. Thus, the district court should not have addressed Tush's untimely claim that his jury trial waiver was inadequate and erred in granting Tush relief in his K.S.A. 60-1507 motion based upon this claim. Based on this conclusion, we do not need to address the second issue in the State's brief that Tush abandoned his claim that his jury trial waiver was inadequate in his direct appeal.

8

Although we could end our analysis here, we will also address the merits of Tush's claim that Judge Bennett failed to adequately advise Tush of his right to a jury trial prior to him waiving that right in the event it is determined on review that the district court properly addressed this claim. The State goes through relevant Kansas caselaw, analyzing what is necessary for an adequate jury trial waiver, and contends that Judge Bennett adequately advised Tush of his right to a jury trial before accepting the waiver.

Tush argues that the district court did not err in finding that his jury trial waiver was inadequate. Tush did not file a cross-appeal from the district court's adverse rulings which denied him relief on his other claims, and Tush makes no argument on appeal challenging the adverse rulings. These claims are deemed abandoned. See *Cooke v. Gillespie*, 285 Kan. 748, 755, 176 P.3d 144 (2008).

Whether a defendant waived the right to a jury trial is a factual question, subject to analysis under a substantial competent evidence standard of review. But when the facts of the district court's determination to accept a jury trial waiver are not disputed, the question whether the defendant voluntarily and knowingly waived the jury trial right is a legal inquiry subject to unlimited appellate review. *State v. Beaman*, 295 Kan. 853, 858, 286 P.3d 876 (2012).

A jury trial waiver must be voluntarily made by the defendant, and the defendant must know and understand what he or she is doing. *State v. Irving*, 216 Kan. 588, 589, 533 P.2d 1225 (1975). In order for a criminal defendant to effectively waive his or her right to a trial by jury, the defendant must first be advised by the court of his or her right to a jury trial, and he or she must personally waive this right in writing or in open court for the record. 216 Kan. at 590; see *State v. Frye*, 294 Kan. 364, 372, 277 P.3d 1091 (2012).

The State points out that in *Beaman* the district court advised the defendant, among other things, that "'Mr. Beaman, your attorney has advised the Court that it is your desire to waive a jury for this trial; is that correct?'" 295 Kan. at 854. The defendant responded affirmatively. The defendant argued on appeal that the waiver was inadequate because the district court "failed to explain that a 12-person jury would need to unanimously agree on guilt." 295 Kan. at 859. Nevertheless, the Supreme Court found that the defendant's jury trial waiver was made knowingly and voluntarily. 295 Kan. at 862. The Supreme Court determined that the district court is not required to advise the defendant of the collateral rights associated with a jury trial, such as the size of the jury and the requirement for a unanimous verdict. 295 Kan. at 862. The State argues that if the defendant in *Beaman* was adequately advised of his right to a jury trial, then Tush was adequately advised of his rights, as well.

Although *Beaman* can be distinguished from Tush's case, we agree with the State that the record herein indicates that the standards for waiving a jury trial set forth by the Kansas Supreme Court were met in Tush's case. Judge Bennett first advised Tush's codefendant, Crutchfield, of her right to a jury trial, including a statement telling her that "[y]ou do have a right to have a 12-person jury but you can waive that right." Tush was present in the courtroom when the district court addressed Crutchfield about waiving her jury trial right, but the record does not reflect that Tush's attorney was in the courtroom at that time. A few moments later, the district court personally addressed both Tush and his counsel about Tush's right to a jury trial, and the following exchange took place:

> "Mr. Todd: Zane Todd for Mr. Tush who appears in person.
> "We're willing to waive and also want to waive the jury trial and set for a bench trial.
> "THE COURT: Mr. Tush, you heard what we talked about in the Crutchfield case about the right to have a jury trial. You understand you have that right and you can give it up if you want and your attorney indicates you want to do that rather than try your case to a jury, just try it to the Court.

10

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. You agree with that?

"THE DEFENDANT: Yes, I do.

"MR. GLASSER: For the record, the State is fine waiving jury trial.

"THE COURT: The Court will set for the Court trial and when do you want to do that?"

In ruling that Judge Bennett failed to adequately advise Tush of his right to a jury trial, the district court focused on the reference Judge Bennett made to Crutchfield's waiver and the fact that Tush may not have been paying attention to Judge Bennett when he advised Crutchfield of her right to a jury trial. The district court specifically found that there was no way "the court can impute an adequate waiver of jury trial to [Tush] based upon what he may have heard from the jury trial waiver which took place in the case immediately preceding his own." However, the district court never really analyzed the remaining colloquy between Judge Bennett and Tush to determine if it was sufficient to constitute a valid waiver of Tush's right to a jury trial.

On appeal, Tush points out that the record does not reflect that his attorney was present in the courtroom when Judge Bennett advised Crutchfield about her right to a jury trial. Tush also argues, as the district court found, that there is no way to tell what degree of attention Tush gave to Crutchfield's case when Judge Bennett advised Crutchfield of her right to a jury trial. We agree with Tush that anything Judge Bennett said to Crutchfield cannot be considered in determining whether the judge adequately advised Tush of his right to a jury trial. Tush's attorney was not present in the courtroom at that time, and there is no way of knowing whether Tush was even paying attention to Judge Bennett when he advised Crutchfield of her right a jury trial.

Nevertheless, the record reflects that Judge Bennett adequately advised Tush of his right to a jury trial, with his counsel present, and Tush knowingly and voluntarily waived his right to a jury trial in open court. Specifically, Judge Bennett personally addressed

11

Tush about his right to a jury trial and stated: "*You understand you have that right* [*to a jury trial*] *and you can give it up if you want and your attorney indicates you want to do that rather than try your case to a jury, just try it to the court*." (Emphasis added.) Tush agreed with the district court's statement and indicated that he wanted to waive his right to a jury. Tush's attorney and the prosecutor also agreed with the jury trial waiver.

The colloquy between Judge Bennett and Tush established that (1) Judge Bennett advised Tush of his right to a jury trial, (2) Judge Bennett explained that if Tush gave up his right to a jury trial, then his case would be tried to the court, and (3) Tush personally waived his right to a jury trial in open court. We find that the colloquy between Judge Bennett and Tush was sufficient to establish that Tush knowingly and voluntarily waived his right to a jury trial in open court after being advised by the trial court of the right. See *Frye*, 294 Kan. at 372; *Irving*, 216 Kan. at 590.

We will contrast the jury trial waiver in Tush's case with other recent cases in which our court found that the defendant's jury trial waiver was inadequate. In *State v. Stephens*, No. 112,184, 2015 WL 5224806, at *1 (Kan. App. 2105) (unpublished opinion), the entire discussion regarding the defendant's jury trial waiver was as follows:

> "'[STEPHENS' LAWYER]: We are here on arraignment. I believe Ms. Stephens is [going to] plead not guilty, we are going to be looking for a motions hearing, which will be dealing with suppression, and then maybe running that, combining it with a bench trial on that.
>
> "'THE COURT: All right. So Ms. Stephens, is she willing to waive then her right to a jury trial?
>
> "'[STEPHENS' LAWYER]: I believe. That's my understanding.
>
> "'[STEPHENS]: Yes, Your Honor.
>
> "'THE COURT: All right. Ms. Stephens, then as to the one count in the Information alleging felony possession of marijuana on or about 27th day of May of this year in the County of Riley, State of Kansas, I will enter a plea of not guilty. We'll set it for a motions, trial to the court hearing on December 2nd at 11:00. Thank you.'"

12

The court in *Stephens* found the jury trial waiver was inadequate because the trial court never actually addressed Stephens and never advised her of her right to a jury trial. The *Stephens* court noted that the trial court in that case did not speak to Stephens about her right to a jury trial in any fashion, and the trial court never actually spoke directly to Stephens to secure a waiver from her. 2015 WL 5224806, at *2. The facts in *Stephens* clearly are distinguishable from the facts in Tush's case.

In *State v. Bell*, No. 110,550, 2014 WL 5801050, at *1 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1047 (2015), the trial court accepted the defendant's jury trial waiver with the following exchange:

> "'THE COURT: All right. And is your client waiving jury trial?
> "'MS. CONNER–WILSON [Bell's counsel]: He is, Your Honor. We've discussed that, and he's chosen to choose the Court trial date.
> "'THE COURT: And Mr. Bell, you do understand that if you waive your request for a jury trial and try this case to the Court, that if you don't like the outcome, you can't come back later and say, 'Wait a minute. I've changed my mind. I want a jury trial.' You understand?
> "'THE DEFENDANT: Yes.
> "'THE COURT: And is it your desire to waive request for jury trial?
> "'THE DEFENDANT: Yes.'"

In *Bell*, the trial court failed to advise the defendant of his *right* to a jury trial as required in *Irving*, 216 Kan. at 590. Instead, the trial court twice asked the defendant if he desired to waive his "request" for a jury trial. 2014 WL 5801050, at *1. As the *Bell* court noted, the only warning the trial court gave to the defendant was that after he waived his request for a jury trial, he would not be able to later change his mind. 2014 WL 5801050, at *4. The facts in *Bell* are different from the facts in Tush's case.

Here, Judge Bennett specifically advised Tush about his "right to have a jury trial." Judge Bennett explained that if Tush waived his right to a jury, his case would be tried to the court. Tush was no stranger to the legal system as the record reflects he had multiple prior felony convictions. If Tush had any questions about his right to a jury trial, he could have asked Judge Bennett. Instead, he told Judge Bennett that he understood his right to a jury trial and he personally waived that right in open court. The Kansas Supreme Court requires that a defendant must personally waive his or her right to a jury trial in open court after being advised by the trial court of the right. See *Frye*, 294 Kan. at 372; *Irving*, 216 Kan. at 590. That is what happened here. The district court is not required to advise the defendant of the collateral rights associated with a jury trial, such as the size of the jury and the requirement for a unanimous verdict. See *Beaman*, 295 Kan. at 862.

Therefore, in the event that Tush's amended claim that his jury trial waiver was inadequate was properly before the district court, we conclude that the district court erred in finding that Judge Bennett failed to adequately advise Tush of his right to a jury trial prior to him waiving that right. The district court did not grant relief to Tush on any other grounds. As a result, we reverse the district court's decision granting Tush a new trial and remand with directions for the district court to deny Tush relief under K.S.A. 60-1507.

Reversed and remanded with directions.