(294 P.3d 1201)
No. 106,780

MARY ANN WRIGHT, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed February 15, 2013.

*Jean K. Gilles Phillips*, of Paul E. Wilson Defender Project, University of Kansas School of Law, for appellant.

*Joseph Penney*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., HILL and BRUNS, JJ.

MALONE, C.J.: Mary Ann Wright appeals the district court's judgment denying her claims for relief under K.S.A. 60-1507. Wright was convicted of rape and her conviction was affirmed by

the Kansas Supreme Court on direct appeal. *State v. Wright,* 290 Kan. 194, 224 P.3d 1159 (2010). Wright later filed a K.S.A. 60-1507 motion raising claims of ineffective assistance of counsel. The district court denied relief after conducting an evidentiary hearing. On appeal, Wright argues that her trial counsel's request for a general verdict form when she was charged with alternative means of committing rape violated her constitutional right to effective assistance of counsel. Wright further argues that her appellate counsel was unconstitutionally ineffective for failing to argue in her direct appeal that sexual intercourse with a person who does not consent under circumstances when the victim is overcome by force or fear constitutes alternative means of committing rape.

We conclude that Wright's trial counsel was not ineffective for requesting a general verdict form on the rape charge. As to Wright's appellate counsel, the district court's finding that counsel's performance did not fall below an objective standard of reasonableness is supported by substantial competent evidence. But even if the performance of Wright's appellate counsel was somehow deficient, we conclude that Wright has failed to show prejudice. Accordingly, we affirm the district court's judgment denying Wright's claims for relief under K.S.A. 60-1507.

### FACTUAL AND PROCEDURAL BACKGROUND

Wright provided massages out of her home, and the rape charge stemmed from a client's allegations that Wright had penetrated her vagina with two fingers during a May 2005 massage. At the March 2006 trial, the evidence established that the client, J.L., had dozed off during the massage and when she awoke to the realization that Wright was digitally penetrating her vagina, she was paralyzed with fear. The district court instructed the jury that it could find Wright guilty of rape if " 'the act of sexual intercourse was committed without the consent of J.L. under circumstances when: (a) she was overcome by force or fear; or (b) she was unconscious or physically powerless.' " See 290 Kan. at 199. The district court and the State initially agreed that an appropriate verdict form would list two alternative means of committing rape and give the jury the option to convict Wright on either, both, or neither. But at the specific

request of Wright's trial counsel, the district court gave the jury a general verdict form on the charge of rape. The jury found Wright guilty of rape, and the district court sentenced her to 155 months' imprisonment.

Wright appealed to this court, arguing that her conviction should be reversed because there was insufficient evidence to convict her under the "force or fear" means of committing rape. See 290 Kan. at 200. This court affirmed Wright's conviction in an unpublished opinion filed June 6, 2008, (citing *Griffin v. United States*, 502 U.S. 46, 112 S. Ct. 466, 116 L. Ed. 2d 371 [1991], and *State v. Dixon*, 279 Kan. 563, 112 P.3d 883 [2005], *disapproved by Wright*, 290 Kan. at 206) *rev. granted* 287 Kan. 769 (2008), and holding that it is proper to affirm an alternative means case " 'if there is strong evidence supporting one theory and no evidence supporting the other theory' because any error is harmless. [Citation omitted.]" See 290 Kan. at 200. Because Wright effectively conceded that there was sufficient evidence to convict her under the unconscious or physically powerless means of committing rape, this court rejected Wright's alternative means argument and upheld her rape conviction. See 290 Kan. at 200.

On a petition for review before our Supreme Court, Wright again did not challenge the sufficiency of the State's proof on the unconscious or physically powerless means of committing rape; rather, she asserted again that there was insufficient proof of rape committed by force or fear. Wright contended that even though one of the alternative means of committing rape was sufficiently proved the court should reverse her conviction because another alternative means was not sufficiently proved pursuant to *State v. Timley*, 255 Kan. 286, 875 P.2d 242 (1994).

In analyzing Wright's claim, our Supreme Court traced the history of alternative means jurisprudence in Kansas. 290 Kan. at 201-06. In reviewing Kansas caselaw, our Supreme Court acknowledged a perceived tension between *Timley* and *Dixon*. In *Timley*, the defendant was convicted of multiple counts of rape and aggravated criminal sodomy, and on appeal, the defendant argued that the district court erred in instructing the jury that it could find him guilty if it found that the sexual acts were perpetrated by use of

force or fear because the instructions deprived him of a unanimous verdict. The *Timley* court found that in an alternative means case, where a single offense may be committed in more than one way, there must be jury unanimity as to guilt for the single crime charged, but unanimity is not required as to the means by which the crime was committed so long as substantial evidence supports each alternative means. 255 Kan. at 289. The court concluded there was sufficient evidence for the jury to find Timley guilty of the crimes both by the means of force and by the means of fear, so there was no error in including both alternative means in one instruction to the jury. 255 Kan. at 290. In *Dixon*, a case involving alternative means of committing burglary, the court concluded that when there is sufficient evidence supporting one alternative means of committing a crime and no evidence of the other theory, instructing the jury on both means is harmless error. 279 Kan. at 605-06. The *Wright* court determined that *Timley* and *Dixon* " 'simply cannot coexist.' " 290 Kan. at 205. The *Wright* court specifically adopted the *Timley* rule, disapproving any contrary language in *Dixon*. 290 Kan. at 206.

Applying the *Timley* rule to Wright's case, our Supreme Court found no error and affirmed Wright's rape conviction, stating there was sufficient evidence to find Wright guilty beyond a reasonable doubt of committing rape by force or fear. 290 Kan. at 206. The court stated that it did not matter that the initial penetration by Wright may not have been temporally coincidental with J.L.'s fear. 290 Kan. at 207. The court concluded that "[t]here is no error under the *Timley* alternative means rule here, because the evidence of each means of committing rape—by force or fear or by unconsciousness—was sufficient to uphold a guilty verdict on the rape charge." 290 Kan. at 207.

Wright subsequently filed a motion pursuant to K.S.A. 60-1507. She argued that her right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution had been violated by both her trial and appellate counsel. Among other reasons, Wright claimed that her trial counsel was ineffective because he erroneously argued for a general verdict form instead of a special verdict form which would have required

the jury to identify the specific means of committing rape upon which the guilty verdict was based. Wright contended that her appellate counsel was ineffective for failing to argue that rape by force or fear presented two alternative means of committing the crime. After a preliminary review of the motion, the district court appointed counsel for Wright and granted an evidentiary hearing.

At the evidentiary hearing, Gail Jensen, Wright's trial counsel, testified that he did not argue force and fear as separate alternative means of committing rape, nor did he make a distinction between the two. He believed that the only way the State could prove rape was on the theory that the sexual act occurred while J.L. was unconscious. Regarding the verdict form, Jensen did not recall whether he requested a general or a special verdict form. Upon reviewing the transcript of the jury trial, Jensen stated that it appeared he argued for a general form. When asked why, Jensen stated that he believed a general verdict form was more consistent with his position that the evidence supported only one means by which his client could have committed the crime.

Next, Michelle Davis, Wright's appellate counsel, testified at the hearing. Davis testified that she argued force and fear as one means of committing rape and that she understood *Timley* as ruling that a jury need not be unanimous on one alternative means of committing the crime as long as there is sufficient evidence of each means. Davis also testified that the *Timley* court treated force and fear as two separate means of committing rape, and Davis stated that although she did not raise force and fear as separate means, she should have done so because it was a meritorious argument. Davis admitted that it was not a strategic move; rather, she just did not think of raising force and fear as separate means of committing rape.

After hearing the evidence, the district court took the matter under advisement. The district court subsequently filed a written opinion denying Wright's K.S.A. 60-1507 motion, finding that neither trial counsel nor appellate counsel was ineffective. Wright timely appealed the district court's judgment.

## Ineffective Assistance of Trial Counsel

Wright argues that her constitutional right to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, was violated by her trial counsel's request for a general verdict form instead of a special verdict form that would have required the jury to identify the specific means of committing rape upon which the guilty verdict was based. Wright contends that this action prejudiced her right to a fair trial because without a special verdict form it is impossible to determine which means of committing rape the jury found in convicting her. The State argues that trial counsel was not ineffective for requesting a general verdict form and that Wright has failed to show prejudice.

When a district court holds a full evidentiary hearing on the issues raised in a K.S.A. 60-1507 motion, the court must issue findings of fact and conclusions of law concerning all the issues presented. Supreme Court Rule 183(j) (2011 Kan. Ct. R. Annot. 259). An appellate court reviews the district court's findings of fact to determine whether they are supported by substantial competent evidence and are sufficient to support the district court's conclusions of law. Appellate review of the district court's conclusions of law is de novo. *Bellamy v. State*, 285 Kan. 346, 354-55, 172 P.3d 10 (2007).

To support a claim of ineffective assistance of counsel, the defendant must prove that (1) counsel's performance was deficient, and (2) counsel's deficient performance was sufficiently serious to prejudice the defense and deprive the defendant of a fair trial. *Thompson v. State*, 293 Kan. 704, 715, 270 P.3d 1089 (2011).

" 'The first prong of the test for ineffective assistance of counsel requires a defendant to show that counsel's representation fell below an objective standard of reasonableness, considering all the circumstances. Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. We must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. [Citation omitted.]

" 'Once a defendant has established counsel's deficient performance, the defendant also must establish prejudice by showing that there is a reasonable prob-

ability that, but for counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.' [Citations omitted.]" 293 Kan. at 715.

Here, the judge who presided over the hearing on Wright's K.S.A. 60-1507 motion was the same judge who presided over her jury trial. Regarding trial counsel's alleged ineffectiveness, the district court found that the law was clear at the time of trial that a special verdict form was not required in an alternative means case. Thus, the district court found that Jensen's request for a general verdict form did not constitute deficient performance and that "Jensen faithfully and zealously represented his client and advocated her version of the case."

At the K.S.A. 60-1507 hearing, when asked why he requested a general verdict form over a special verdict form, Jensen stated:

"I believe in general my thinking was that since I had taken the position that there was only one way it could have possibly occurred, according to the State's theory, that the other two alternates simply weren't supported by evidence. That it allowed my closing argument to, in effect, be more focused or consistent on that one issue."

Our Supreme Court has stated:

" 'Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable, and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.' [Citations omitted.] The burden is on a defendant to demonstrate that the alleged deficiencies were not the result of strategy. [Citations omitted.]" *State v. Adams*, 292 Kan. 151, 167-68, 254 P.3d 515 (2011).

On appeal, Wright does not explain why her trial counsel's strategic choice to focus on what he thought was the only viable means to commit rape in this scenario constituted ineffective representation. Although our Supreme Court held in Wright's direct appeal that there must be sufficient evidence to support a conviction under each alternative means presented to a jury, it does not necessarily follow that a special verdict form is required or that it is ineffective assistance of counsel to request a general verdict form.

Wright does not cite any legal authority for the proposition that the use of a general verdict form in an alternative means case constitutes ineffective assistance of counsel. In fact, there is legal authority to the contrary. See *State v. Boyd*, 46 Kan. App. 2d 945, 948, 268 P.3d 1210 (2011) (" 'A general verdict of conviction is legally proper so long as the record contains sufficient evidence to support each means.' [Citations omitted.]"), *petition for rev. filed* January 23, 2012; *cross-petition for rev. filed* February 6, 2012.

We agree with the district court that the trial counsel's request for a general verdict form did not fall below an objective standard of reasonable representation. Because Wright has failed to meet the showing required under the first step of an ineffective assistance of counsel claim, there is no need to proceed to the second step and analyze prejudice. See *State v. Bricker*, 292 Kan. 239, 250, 252 P.3d 118 (2011) (stating that where defendant failed to show counsel's performance was deficient, court need not consider prejudice prong). Accordingly, we conclude the district court did not err in denying Wright's K.S.A. 60-1507 motion alleging ineffective assistance of trial counsel.

### INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Wright also argues that her constitutional right to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, was violated by her appellate counsel's failure to argue that sexual intercourse with a person who does not consent under circumstances when the victim is overcome by force or fear constitutes alternative means of committing rape. She contends that force and fear are alternative means of committing rape and that there was no evidence that she used force to overcome J.L. Wright argues that had appellate counsel raised the issue, there is a reasonable probability that her conviction would have been reversed on direct appeal.

The State argues that Wright's appellate counsel's actions and arguments constituted effective assistance of counsel under the existing law at the time. The State also asserts that caselaw that came into existence after Wright's appeal is inapplicable, as an attorney is not required to foresee the future in order to provide

objectively reasonable representation. Finally, the State argues that the failure to raise the issue on direct appeal was not prejudicial because the issue has been subsequently decided against Wright.

As stated in the first issue, when the district court conducts an evidentiary hearing on a K.S.A. 60-1507 motion, the appellate court reviews any factual findings for substantial competent evidence and evaluates whether those findings support the district court's conclusions of law. The district court's legal conclusions are reviewed de novo. *Bellamy*, 285 Kan. at 354-55.

To establish ineffective assistance of counsel on appeal, defendant must show (1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) the criminal defendant was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. *State v. Smith*, 278 Kan. 45, 51-52, 92 P.3d 1096 (2004). As in the case of a claim of ineffective assistance of trial counsel, a claim of ineffective assistance of appellate counsel requires a party to establish both a performance prong and a prejudice prong in order to succeed on the claim.

As the district court noted, the relevant portion of the rape statute as it existed in 2004 defined rape as:

"(1) Sexual intercourse with a person who does not consent to the sexual intercourse, under any of the following circumstances:

(A) When the victim is overcome by force or fear;

(B) When the victim is unconscious or physically powerless; or

(C) When the victim is incapable of giving consent because of mental deficiency or disease, or when the victim is incapable of giving consent because of the effect of any alcoholic liquor, narcotic, drug or other substance, which condition was known by the offender or was reasonably apparent to the offender." K.S.A. 2004 Supp. 21-3502(a)(1).

Regarding appellate counsel's effectiveness, the district court examined the statute and found that the terms "force or fear" were listed in the same subsection and were grouped together while other alternative means such as "unconscious or physically powerless" were listed in separate subsections. The district court noted that nearly everyone involved in the case treated force or fear as a

single means of committing rape. Additionally, the district court noted that, at the time of Wright's case and direct appeal, "alternative means law was far from crystal clear" and the tension between *Timley* and *Dixon* was not resolved. With such uncertainty in mind, the district court found "it [was] objectively reasonable for appellate counsel to have pursued a strategy which focused on trying to get Wright's conviction reversed by resolving this caselaw conflict (which ultimately was a successful effort on clarification of the law, even though Wright's conviction was upheld)."

As stated above, the first step in examining an ineffective assistance of counsel claim is determining whether, under the totality of the circumstances, the challenged conduct fell below an objective standard of reasonableness. *Smith*, 278 Kan. at 51-52. The United States Supreme Court has further stated that "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland v. Washington*, 466 U.S. 668, 690, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Here, Wright argues that her appellate counsel was ineffective for failing to argue that force and fear are two distinct alternative means of committing rape. Wright argues that force and fear *are* alternative means of committing rape, asserting that caselaw to the contrary is wrong. While this is a tempting path to follow, the question at this point is not whether force and fear constitute alternative means of committing rape—the question is whether, under the totality of the circumstances at the time of Wright's appeal, her appellate counsel's failure to argue this point was outside an objective standard of reasonableness.

Wright points out that her appellate counsel Davis testified that she should have raised the issue that force and fear are alternative means of committing rape, that it was a meritorious issue, and that she failed to raise the issue simply because she did not think of it, not for strategic reasons. As the State counters, however, in reviewing a claim of ineffective assistance of counsel, the courts apply an objective standard. See *Smith*, 278 Kan. at 51-52. Thus, Davis' subjective beliefs are not controlling.

In light of the circumstances existing at the time of Wright's appeal and given the treatment of force or fear as a single means of committing rape by nearly everyone involved in the case, we agree with the district court that Wright has not overcome the strong presumption that her counsel's conduct " '[fell] within the wide range of reasonable professional assistance.' " See *Thompson*, 293 Kan. at 7,15. The district court's finding that counsel's performance did not fall below an objective standard of reasonableness is supported by substantial competent evidence. Although we could end our analysis here because Wright has failed to meet the first prong of the test for ineffective assistance of appellate counsel, we also will examine whether Wright is able to establish prejudice as a result of her appellate counsel's performance. To determine whether Wright was prejudiced as a result of her appellate counsel's performance, we must resolve the legal issue of whether rape committed under circumstances when the victim is overcome by force or fear is, in fact, a single means or alternative means of committing the crime.

Wright contends that had her appellate counsel argued that force and fear are separate alternative means of committing rape, there is a reasonable probability that her conviction would have been reversed on direct appeal. At the time of Wright's direct appeal, *Timley* was the only Kansas appellate case that directly addressed the issue of whether force and fear are separate alternative means of committing rape. The *Timley* court clearly treated force and fear as separate alternative means of committing rape, but the court concluded there was sufficient evidence of both means to uphold the defendant's conviction in that case. 255 Kan. at 290.

In Wright's direct appeal, the Kansas Supreme Court analyzed the *Timley* decision and reiterated its conclusion that force and fear are separate alternative means of committing rape, requiring sufficient evidence of both means to uphold a conviction. *Wright*, 290 Kan. at 203. The *Wright* court stated:

"The [*Timley*] court then held that there was sufficient evidence to convict Timley of rape and aggravated criminal sodomy either by force or by fear; thus 'there was no error in including both alternative means in one instruction to the jury.' [Citation omitted.] The indispensable component in the court's holding was

'super-sufficiency' of evidence, *i.e.*, proof adequate to persuade a rational fact-finder of Timley's guilty on rape by fear *and* rape by force. See Beier, 44 Washburn L.J. at 283, 294, 296-99 (discussing 'super-sufficiency'). *If evidence had been lacking on either means alleged, Timley's rape conviction would have been reversed."* (Emphasis added.) *Wright*, 290 Kan. at 203.

Based on this discussion, it appears that the *Wright* court was reaffirming *Timley's* analysis that force and fear are separate alternative means of committing rape. But Wright did not argue in her direct appeal that force and fear were separate alternative means of committing rape. Instead, she argued that the alternative means of committing rape were when the victim (a) was overcome by force or fear, or (b) was unconscious or physically powerless. See 290 Kan. at 199-200. Wright conceded there was sufficient evidence that the victim in her case was unconscious or physically powerless. Her only argument on appeal was that there was insufficient evidence to establish that the victim was overcome by force or fear. In addressing Wright's argument, our Supreme Court stated:

"The evidence in this case was sufficient to find Wright guilty beyond a reasonable doubt of committing rape by force or fear. J.L. testified that she woke to the realization that Wright was digitally penetrating her vagina and was paralyzed with fear. Under [*State v. Bunyard*, 281 Kan. 392, 133 P.3d 14 (2006)], it does not matter that the initial penetration by Wright may not have been temporarily coincidental with J.L.'s fear; it is enough that the penetration and fear were eventually contemporaneous. There is no error under the *Timley* alternative means rule here, because the evidence of each means of committing rape—by force or fear or by unconsciousness—was sufficient to uphold a guilty verdict on the rape charge." 290 Kan. at 206-07.

This final paragraph of the Supreme Court's analysis in *Wright* seems to support the proposition that sexual intercourse committed when the victim is overcome by force or fear is· a single means of committing rape. But it is important to note that Wright did not argue to the Supreme Court that force and fear were separate alternative means of committing rape. Thus, the Supreme Court's analysis in *Wright* must be limited in scope to the argument the defendant made to the court. Because Wright did not argue in her direct appeal that force and fear are separate alternative means of committing rape, we are unable conclude that this specific issue

was definitively resolved by the Supreme Court's decision in *Wright*.

Subsequent to *Wright*, the Court of Appeals has held that force and fear are not separate alternative means of committing rape. In *State v. Brooks*, 46 Kan. App. 2d 601, 610, 265 P.3d 1175 (2011), *rev. granted* 294 Kan. 944 (2012), this court "accept[ed] the rationale and outcome of *Wright* as authoritative precedent for the proposition that 'force or fear' is a single, unified means of committing rape." In reaching this conclusion, this court dismissed the treatment of force and fear as separate alternative means in *Timley* as "unstudied dicta." 46 Kan. App. 2d at 611.

Our Supreme Court recently published its opinion in *State v. Brown*, 295 Kan. 181, 284 P.3d 977 (2012), which clarified the test for determining whether a statute creates alternative means of committing a crime. In *Brown*, our Supreme Court stated that in deciding whether a statute creates alternative means of committing a crime, courts should apply traditional rules of statutory construction to determine legislative intent. See 295 Kan. at 193-94. Our Supreme Court further explained:

"In examining legislative intent, a court must determine for each statute what the legislature's use of a disjunctive 'or' is intended to accomplish. Is it to list alternative distinct, material elements of a crime—that is, the necessary *mens rea*, *actus reus*, and, in some statutes, a causation element? Or is it to merely describe a material element or a factual circumstance that would prove the crime? The listing of alternative distinct, material elements, when incorporated into an elements instruction, creates an alternative means issue demanding super-sufficiency of the evidence. But merely describing a material element or a factual circumstance that would prove the crime does not create alternative means, even if the description is included in a jury instruction. [Citations omitted.]" 295 Kan. at 194.

The *Brown* court emphasized a critical distinction between alternative means and what the Washington courts have termed "means within a means" and the Kansas Supreme Court labeled "options within a means." *Brown*, 295 Kan. at 196-98. The Washington Supreme Court has stated that "a legislature will signal its intent to state alternative means through structure, separating alternatives into distinct subsections of the same statute. [Citation omitted.] Such structure is an important clue to legislative intent."

295 Kan. at 196. In the rape statute relevant to Wright's case, the language "[w]hen the victim is overcome by force or fear" is listed in a different subsection of the statute than "[w]hen the victim is unconscious or physically powerless," or "[w]hen the victim is incapable of giving consent [for other various reasons]." K.S.A. 2004 Supp. 21-3502(a)(1)(A), (B), (C). These structural divisions support the conclusion that the language "[w]hen the victim is overcome by force or fear" constitutes one means of committing rape, whereas the other subsections constitute alternative means of committing the crime.

The *Brown* court went on to say, however, that

"[r]egardless of such subsection design, . . . a legislature may list additional alternatives or options within one alternative means of committing the crime. But these options within an alternative do not constitute further alternative means themselves if they do not state additional and distinct ways of committing the crime, that is, if they do not require proof of at least one additional and distinct material element. Rather they are only options within a means if . . . their role is merely to describe a material element or to describe the factual circumstances in which a material element may be proven. [Citation omitted.]" 295 Kan. at 196-97.

In *Brown*, the statutory language defining aggravated indecent liberties with a child stated in one subsection that the crime was committed by "any lewd fondling or touching of either a child who is under 14 years of age or the offender 'done or submitted to with the intent to arouse or satisfy the sexual desires of either the child or the offender, or both.' " 295 Kan. at 201. Brown argued that the language "either the child or the offender, or both" created alternative means of committing the crime, but the Supreme Court found that the language created options within a means instead. 295 Kan. at 201-02. According to the court, the language "is merely descriptive of the types of factual circumstances that may prove the distinct, material element of intent to arouse or satisfy sexual desires, that is, the *mens rea* required for commission of the offense." 295 Kan. at 201; see also *State v. Burns*, 295 Kan. 951, 962-64, 287 P.3d 261 (2012) (finding options within a means in the statutory language defining sodomy); *State v. Rojas-Marceleno*, 295

Kan. 525, 546-48, 285 P.3d 361 (2012) (finding options within a means in the language defining indecent liberties with a child).

Likewise, the statutory language "[w]hen a victim is overcome by force or fear" does not present two alternative means of committing rape; rather, the language describes options within a means. As in *Brown*, the language is merely descriptive of the types of factual circumstances that may prove a distinct, material element of committing the crime. See *Brown*, 295 Kan. at 201. In other words, force and fear are options of overcoming the victim's will, which constitutes a single material element of committing rape. Considering the evidence presented at Wright's trial, her conviction could be affirmed based on the evidence that the victim did not consent to the sexual intercourse and was overcome by fear, even if the State presented insufficient evidence to show force.

Based on the analysis of *Brown* and its progeny, we conclude as a matter of law that sexual intercourse with a person who does not consent under circumstances when the victim is overcome by force or fear, in violation of K.S.A. 21-3502(a)(1)(A), is a single, unified means of committing rape. The statutory language "[w]hen a victim is overcome by force or fear" describes options within a means of committing rape. Thus, even if the performance of Wright's appellate counsel was somehow deficient for failing to raise this issue in the direct appeal, Wright cannot show how she was prejudiced as a result of her counsel's performance. Accordingly, we conclude the district court did not err in denying Wright's K.S.A. 60-1507 motion alleging ineffective assistance of appellate counsel.

Affirmed.