NOT DESIGNATED FOR PUBLICATION

No. 116,705

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN PAUL HOLLAND,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed April 27, 2018. Affirmed.

*Morgan B. Koon*, of Koon Law Firm, LLC, of Wichita, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN, J., and HEBERT, S.J.

HEBERT, J.: John Paul Holland appeals from the district court's summary dismissal of his K.S.A. 60-1507 motion. For the reasons hereinafter set forth, we affirm the dismissal.

*Procedural Background*

In 2009, Holland was convicted by a jury of eight drug-related crimes. The facts and the charges were set forth in detail by a panel of this court in *State v. Holland,* No. 102,795, 2011 WL 135022, at *1-2 (Kan. App. 2011) (unpublished opinion). Following

1

remand for resentencing and a second appeal of the new sentences, the Kansas Supreme Court ultimately affirmed Holland's sentences, issuing its mandate on August 11, 2014.

On October 24, 2014, Holland filed a pro se K.S.A. 60-1507 motion challenging his convictions. The district court, after sorting through Holland's 42-page motion and memorandum, determined that he raised two issues: the jury was allowed to review a tape recording outside Holland's presence that had been admitted into evidence during the trial, and prosecutorial misconduct was committed by comments relating to his credibility during the State's closing argument.

The district court entered a written order explaining its finding that a review of the motion, files, and records of the case conclusively showed that Holland was not entitled to relief and, accordingly, the motion was summarily dismissed.

Holland timely appealed the summary dismissal claiming that the district court erred in its ruling because the issues which he raised can only be determined by an evidentiary hearing.

*Standard of Review*

In considering Holland's K.S.A. 60-1507 motion, the district court exercised the first of three options discussed in *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014): "The court may determine that the motion, files and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily." We conduct a de novo review to determine whether the motion, files, and records indeed conclusively establish that Holland is not entitled to relief. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015).

To be entitled to relief under K.S.A. 2017 Supp. 60-1507, the movant must establish by a preponderance of the evidence: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or is otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. K.S.A. 2017 Supp. 60-1507(b); see Supreme Court Rule 183(g) (2018 Kan. S. Ct. R. 223). To avoid the summary denial of a motion brought under K.S.A. 2017 Supp. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881; see *Sprague*, 303 Kan. at 425.

*Ineffective Assistance of Trial Counsel*

Holland's first argument is that his trial counsel was ineffective for failing to object to Holland's absence at a critical stage of the proceedings. Our review of this claim is governed by several well developed principles.

A claim alleging ineffective assistance of counsel presents mixed questions of fact and law requiring de novo review. *Thompson v. State*, 293 Kan. 704, 715, 270 P.3d 1089 (2011). An appellate court "reviews the underlying factual findings for substantial competent evidence and the legal conclusions based on those facts de novo." *Boldridge v. State*, 289 Kan. 618, 622, 215 P.3d 585 (2009). To prevail on a claim of ineffective assistance of counsel, a movant must establish "(1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.*, that there is a reasonable probability the jury would have reached a different result absent the deficient performance." *Sola-Morales*, 300 Kan. at 882.

3

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. *Bledsoe v. State*, 283 Kan. 81, 90-91, 150 P.3d 868 (2007). The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). To establish prejudice, the movant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. A "reasonable probability" means a probability sufficient to undermine confidence in the outcome. See *Sprague*, 303 Kan. at 426.

During the jury deliberations at Holland's criminal trial, the jury requested to rehear an audio recording involving a drug transaction between Holland and Senior Special Agent Joby Harrison which occurred in Holland's apartment. The recording had been admitted and played during the trial as Exhibit 4. When the court learned of the jury's request, the following record was made:

> "THE COURT: We're back on the record in State versus Holland. We have got a request from the jury to re-listen to exhibit four which is the audio tape of Special Agent Harrison's communication and contact with Mr. Holland. For the record, Mr. Holland is not present, he's still in the holding cell. What I intend to do is bring the jury in. We're going to have Special Agent Harrison turn the tape on, we'll leave the room, Agent Harrison will stand where he can be seen by the foreperson. If they need it rewound or when they are done they will motion to him, he can come shut it off and Mr. Thummel [the Bailiff] you'll take your jury back out. I'll instruct the presiding juror that Agent Harrison when they need something or they are done he'll shut it off. Bring them in. You stay.
> "(Whereupon, they jury was returned to the courtroom to listen to the recording.)
> "THE COURT: Ladies and gentlemen, you've asked to listen to Exhibit 4. What we have done is we have put it back to the spot where we started it at the trial yesterday. Mr. [W], you're the presiding juror.
> "[W]:  Yes.

4

"THE COURT: Special Agent Harrison will start it, we'll leave the room. [The Bailiff] will be outside this door. If you need to re-hear a portion or whenever you're done listening if you will just let Agent Harrison know right outside this door, give him a signal, he'll come shut off the recording whenever you're ready go back to the jury room and we'll await your decision. That will end the record."

There is no indication on the trial transcript as to why the district court used this procedure to facilitate the replay of the exhibit. However, in the order denying Holland's motion, the district court noted that "the jury room does not have equipment to play audio (or video) recordings" and "the person who knew how to operate the audio equipment was SSA Harrison."

Holland asserts that this was a critical stage of the trial and, therefore, his absence during the discussion of how the recording would be replayed and during the district court's instruction to the jury regarding the replay procedure violates his statutory and constitutional rights. See U.S. Const. amend. VI; K.S.A. 2017 Supp. 22-3420(d); *State v. Herbel*, 296 Kan. 1101, 1109, 299 P.3d 292 (2013). Holland maintains that his counsel's failure to object to his absence and to ensure his presence during the discussion and replay was deficient and ineffective assistance.

Although the State appears to concede on appeal that it was error for Holland to be absent, we are constrained to take a closer look at this question, since Holland's K.S.A. 60-1507 request for relief is couched in terms of ineffective assistance of counsel. See *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 400, 266 P.3d 516 (2011) (holding that courts are not bound by partie's agreement on issues of fact).

Holland's jury trial was conducted in 2009. It was not until 2013 that the Kansas Supreme Court issued its decision in *Herbel* holding that the plain language of K.S.A. 22-3420(3) created an absolute right for a criminal defendant to be present when any evidence "is exhibited" to the jury after deliberation began. Unless the defendant clearly waives his

5

right to be present when the evidence is so exhibited, such absence violated both his statutory right and his constitutional right to be present when the court communicates with the jury. *Herbel*, 296 Kan. at 1109.

*Herbel* was, however, not a case of first impression with regard to the defendant's right to be present when a recording which had previously been admitted into evidence was played back to the jury during deliberations at their request. The *Herbel* court acknowledged that in *State v. Bolton*, 274 Kan. 1, 6, 49 P.3d 468 (2002), the Kansas Supreme Court concluded: "[A] jury's second viewing of exhibits admitted into evidence is not subject to the requirements of K.S.A. 22-3420(3)," and thus the presence of the defendant was not required. *Herbel*, 296 Kan. at 1108. The *Bolton* court cited *State v. Fenton*, 228 Kan. 658, 667, 620 P.2d 813 (1980), in support of the proposition that "[o]nce a case is submitted to the jury for deliberations, the jury is ordinarily given the exhibits to take into the jury room where the jurors can examine the exhibits as many times as they desire." In 2013, the *Herbel* court now disagreed with the rationale it had previously approved in *Bolton*, and relied on a plain reading of the statute—essentially overruling *Bolton* and *Fenton.*

Interestingly, we note that the statute analyzed in *Herbel* was amended, effective July 1, 2014. See L. 2014, ch. 102, § 7. The revised statute now incorporates in K.S.A. 2017 Supp. 22-3420(c) the procedures approved in *Bolton* and *Fenton*: "In the court's discretion, upon the jury's retiring for deliberation, the jury may take any admitted exhibits into the jury room, where they may review them without further permission from the court. If necessary, the court may provide equipment to facilitate review."

Unfortunately, the parties in this appeal did not raise or brief the issue of whether this statutory amendment constitutes a retroactive procedural change or a prospective change in substantive rights. See *State v. Todd*, 299 Kan. 263, 274, 323 P.3d 829, *cert. denied* 135 S. Ct. 460 (2014). We do not ordinarily address issues not raised by the parties.

6

*State v. Laborde*, 303 Kan. 1, 7, 360 P.3d 1080 (2015). Since resolution of this issue is not essential to our ultimate disposition of the appeal, we will leave the question open for another day. But see *State v. Barlett*, No. 112,573, 2016 WL 2772842, at *10 (Kan. App. 2016)(unpublished opinion) (a panel of this court construed the amended K.S.A. 2015 Supp. 22-3420(c) as creating a procedural rule which applies retroactively), *rev. granted* 306 Kan. 1320 (2017).

Our reference to *Bolton*, *Fenton*, and the statutory amendments is not offered in any criticism of the court's determination in *Herbel*, but only to point out that in 2009 when Holland was tried, *Bolton* and *Fenton* were the prevailing definitive precedents upon which the district court and trial counsel were entitled to rely. We are reluctant to say conclusively that Holland's trial counsel fell below a level of acceptable performance by failing to object to Holland's absence under the circumstances. The district court's proceedings essentially followed *Bolton* and *Fenton*. It would seem unduly critical to ascribe ineffective assistance to trial counsel for not anticipating a fundamental change in Supreme Court opinion rendered more than four years in the future, especially when the court's new statutory interpretation was almost immediately superseded by legislative changes reflecting the prior interpretation and procedure.

Even if the failure of counsel to make objection in opposition to established precedent could be construed as a violation of the first prong of ineffective assistance analysis, we must still consider whether the record would establish whether this nominal violation of Holland's right to be present resulted in prejudice to his right to a fair trial. In other words, but for counsel's failure to ensure Holland's presence for the play back of the audio tape, would the result of his trial been different?

In support of his claim of ineffective assistance, Holland bootstraps in an argument that had he not been excluded from the proceedings determining how the audio would be

replayed, he would have objected to the procedure employed by the district court whereby SSA Harrison would start and stop the replay machine.

Holland asserts that the procedure employed by the court allowed SSA Harrison, a primary witness against Holland and a participant in the discussion captured on the audio recording, to have improper access to the jury during their deliberations. In making this claim, Holland admits several times in his motion that "Mr. Holland can only speculate" and that his contentions are only "unguided speculation." He alleges that "the jury was working with the adversary Agent Harrison," and "the jury was brought back into court for the state's principle witness Agent Harrison, an interested adversary, to meet with the jury to re-present his version of the evidence for a guilty verdict." Holland proposes no witnesses or evidence in support of his conclusory allegations that the court granted permission for SSA Harrison to interact with the jury alone. The record of the proceedings clearly belies his assertions.

The trial transcript, even as cited by Holland, clearly indicates that the jury would be in the courtroom because that was where the playback equipment was; thus the courtroom was simply used as an adjunct jury room. The record clearly indicates that once SSA Harrison started the machine, everyone would leave the room, and SSA Harrison would remain outside the door with the bailiff until the jury indicated that they had finished listening to the tape. SSA Harrison would then come back in, shut off the machine, and the jury would return to the jury room. There was no time or opportunity in this procedure for SSA Harrison, or anyone else for that matter, to have been alone with the jury or to have had any opportunity to communicate or interact with them.

Holland complains there is no record of what transpired between SSA Harrison and the jury. He would have us make an unsupported leap to the conclusion that the record does not recite what actually happened and to assume that SSA Harrison did not follow the express directions set forth by the district judge. But it is a reasonable presumption that the

8

record is silent as to any interaction between the jury and SSA Harrison because no such interaction occurred. Holland's "unguided speculation" would, in effect, shift the burden of proof to the State to establish a negative proposition—that nothing happened which was not on the record and that the procedure outlined by the court was followed. If we followed Holland's unsupported leap, the State would have to establish that SSA Harrison was never in the jury room "working with" or advocating to the jury during their deliberation.

Holland fails to support his wholly conclusory allegations by setting forth some evidentiary basis for those contentions and no basis is evident in the record. See *Sola-Morales*, 300 Kan. at 881. Thus, Holland's K.S.A. 60-1507 motion fails to identify a clear basis for relief.

Even assuming arguendo that we were to find Holland's attorney ineffective for not objecting to having SSA Harrison start and stop the audio replay machine, we are at a loss to determine how Holland was prejudiced by this simple procedure.

First of all, under any interpretation of the relevant case law and statutes, the jury was entitled to rehear the audio tape which had been introduced into evidence and played during the trial. Holland's mere presence in the courtroom while the jury listened would not have changed what they heard. Similarly, who started and/or turned off the machine would not have changed what the jury heard. And here, the record does not reveal any comment or statement made by the district court or the State other than statements necessary to confirm the jury's request to rehear the tape and for the procedure to replay the audio tape to the jury's satisfaction. See *Herbel*, 296 Kan. at 1114. Again, there is no support for Holland's bald assertion that the district court gave permission for SSA Harrison to interact alone with the jury. In short, our confidence in the verdict is not undermined; there is no basis for any consideration that, but for counsel's failure to object, the results of the trial would have been different. See *Sprague*, 303 Kan. at 426.

9

Holland premises his motion on ineffective assistance of counsel rather than on intervening changes of law as indicated by the *Herbel* decision. His primary focus is not so much on his counsel's performance but rather on the alleged procedural error by the district court. So, in an abundance of caution, we will address the question of harmless error. In *Herbel*, the court found that such inquiry should be guided by the constitutional harmless error test set forth in *State v. Ward,* 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012), and its progeny:

> "'[E]rror may be declared harmless where the party benefitting from the error proves beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.' [Citation omitted.]" *Herbel,* 296 Kan. at 1110.

See *State v. Verser*, 299 Kan. 776, 789, 326 P.3d 1046 (2014).

Here, the evidence against Holland was strong, as set forth in detail by this court in Holland's direct appeal. The jury convicted him on all eight counts pressed by the State, although the audio tape directly pertained only to the charge of sale of marijuana to which Holland had raised an entrapment defense. The exchange between Holland and SSA Harrison was recited in detail by the affirming court, clearly establishes the sale charge, and refutes any implication of entrapment. Thus, based on the files and records before us, and incorporating our analysis of counsel's allegedly ineffective performance, we are able to conclude with the requisite degree of certainty there was no reasonable possibility that any error of replaying the audio tape for the jury during deliberations in Holland's absence in any way contributed to the verdict.

10

*Assistance of Appellate Counsel*

We note that in his motion, Holland briefly mentioned the failure of his original appellate counsel to raise the ineffectiveness of trial counsel on his prior direct appeal. However, this issue is not directly addressed in his appellate brief herein and thus the issue is deemed waived and abandoned. *State v. Williams*, 298 Kan. 1075, 1083-84, 319 P.3d 528 (2014).

*Alleged Prosecutorial Error*

Holland also raises a separate argument that the prosecutor erred when she attempted to shift the burden of proof to Holland during the State's closing argument.

"'Under Kansas law, where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.'" *Drach v. Bruce*, 281 Kan. 1058, 1079, 136 P.3d 390 (2006) (quoting *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 [1990]). Prosecutorial error is a trial error and must be raised on direct appeal. See *Haddock v. State*, 282 Kan. 475, 519, 146 P.3d 187 (2006); Kansas Supreme Court Rule 183(c)(3) (2018 Kan. S. Ct. R. 223).

Holland did not raise this issue in his direct criminal appeal, nor does he allege exceptional circumstances that prevented him from raising this issue in his direct appeal. See *Holland*, 2011 WL 135022, at *1. Therefore, the issue is waived, and res judicata precludes our review.

*Conclusion*

After our de novo review, we concur with the conclusion reached by the district court—Holland's K.S.A. 60-1507 motion on its face, when viewed together with the files and records of the various proceedings, conclusively establishes that Holland is not entitled to any relief and his motion should be and is denied without any further evidentiary hearing.

Affirmed.