NOT DESIGNATED FOR PUBLICATION

No. 119,657

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RICO J. BROWN SR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed July 19, 2019. Affirmed in part, reversed in part, and remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Rico J. Brown appeals the summary denial of his K.S.A. 60-1507 motion, arguing he should have received an evidentiary hearing to consider his ineffective assistance of counsel claim. We agree in part.

*Factual Background*

In 2014, Brown was convicted of aggravated human trafficking, promoting the sale of sexual relations, violation of a protective order, and battery. He was sentenced to

1

258 months in prison. Brown filed a direct appeal but we affirmed his convictions. *State v. Brown*, No. 113,212, 2016 WL 6910080 (Kan. App. 2016) (unpublished opinion).

In January 2018, Brown filed a pro se K.S.A. 60-1507 motion alleging ineffective assistance of trial counsel and prosecutorial misconduct. The district court summarily denied that motion in February 2018. Brown filed a notice of appeal. Then in May 2018, Brown filed a "motion to reconsider to include all attachment[s] that were missing." The district court denied that motion, finding it lacked jurisdiction to consider it because Brown's original K.S.A. 60-1507 appeal was pending. Brown appealed the denial of his motion to reconsider.

Brown argues that the district court erred by summarily denying his K.S.A. 60-1507 motion because he established a right to an evidentiary hearing about two of his ineffective assistance of counsel claims. Although Brown's original motion raised four such claims, Brown does not brief on appeal his claim of ineffective assistance of counsel based on a failure to suppress State's Exhibit 20 or his claim of prosecutorial error based on the State's use of State's Exhibit 20. We find Brown has waived or abandoned those issues. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). We reach the merits of Brown's two remaining claims, despite the State's assertion that Brown argued them only incidentally and thus waived them too.

*Standard of Review*

When the district court summarily denies a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant has no right to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Likewise, the extent of a movant's statutory right to be provided with effective assistance of counsel in a K.S.A. 60-1507 proceeding is a legal question we review de novo. *Robertson v. State*, 288 Kan. 217, 227, 201 P.3d 691 (2009).

2

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden to establish entitlement to an evidentiary hearing. To meet this burden, Brown's contentions must be more than conclusory. He must set forth an evidentiary basis to support his contentions, or the evidentiary basis must be evident from the record. If Brown makes such a showing, the court must hold a hearing unless the motion is a successive motion seeking similar relief. See *Sola-Morales*, 300 Kan. at 881 (quoting *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]); see *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015). "Under K.S.A. 60-1507, a district court must conduct an evidentiary hearing unless the motion, files, and records of the case conclusively show that the movant is not entitled to relief." *Bellamy v. State*, 285 Kan. 346, Syl. ¶ 6, 172 P.3d 10 (2007).

We note that Brown raised an ineffective assistance of counsel claim in his direct appeal. Generally, claims raised and resolved in a direct appeal may not be later raised in a K.S.A. 60-1507 proceeding. See *Drach v. Bruce*, 281 Kan. 1058, Syl. ¶ 14, 136 P.3d 390 (2006) (res judicata applies to issues raised in 60-1507 proceeding that were resolved by direct appeal). But we considered Brown's earlier claim in the context of whether Brown had a right to substitute counsel for sentencing purposes. His claim here is much different and the district court encouraged Brown to raise it in a K.S.A. 60-1507 motion. So we believe it best to reach the merits of his arguments. See *Brown*, 2016 WL 6910080, at *4 (noting district court's refusal to consider Brown's presentence motion about ineffective trial counsel based on potential use of a K.S.A. 60-1507 motion).

Brown contends his counsel was constitutionally ineffective. Traditionally, we apply a two-step test to analyze the merits of a claim of ineffective assistance of counsel. See *Sola-Morales*, 300 Kan. at 887-91. Under that analysis, to prevail on a claim of ineffective assistance of counsel because of deficient performance by counsel, the movant "must establish (1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.*, that there is a reasonable probability the jury

3

would have reached a different result absent the deficient performance." 300 Kan. at 882-83; see *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984). Brown bears that burden here.

*Failure to advise Brown about his right to testify*

We first address Brown's claim that his counsel was ineffective for not advising him of his right to testify. His 60-1507 motion stated:

> "TRIAL COUNSEL VIOLATED THE PETITIONER[']S RIGHT TO TESTIFY ON HIS OWN BEHALF BY FAILING TO AFFIRMATIVELY ADVISE DEFENDANT THAT IT WAS HIS CHOICE ALONE WHETHER OR NOT TO TESTIFY RENDERING HER REPRESENTATION INEFFECTIVE
>
> "During the trial, Counsel of record failed to call petitioner to testify on his own behalf.
> "Despite petitioner['s] wish to elaborate for the court the truth of the case which the petitioner believed would have ex[]onerated him in this case."

The district court dismissed this claim on the sole basis that it was conclusory.

We cannot deny that this claim, unsupported as it is by other details, is somewhat conclusory. But if the claim is true, what other facts could be alleged to support it? The burden of producing evidence to support a negative is problematic here. The law is clear that in a criminal case, the defendant has the right to decide specific aspects of the case, including whether to testify. *In re Hawver*, 300 Kan. 1023, 1048, 339 P.3d 573 (2014). An attorney thus has the correlative duty to advise the client of that right. The State does not allege any such advice or waiver occurred. And our review of the record does not reveal either advice by counsel or a waiver by Brown of his right to testify. We have not, of course, independently reviewed all 16 volumes of the record, but we have reviewed the parts of it in which a waiver of this type would most logically appear. The factual basis supporting Brown's claim of deficient performance is thus evident from the record.

4

And Brown alleged prejudice, saying he believes that had he testified, the jury would have exonerated him. Brown should have stated what he would have testified to and how it would have been more compelling than the testimony to the contrary which led to his conviction. But despite its lack of detail, we find it sufficient, under the circumstances, to warrant an evidentiary hearing. We find the district court must hold a hearing on this claim because the motion, files, and records of the case do not conclusively show that the movant is not entitled to relief. We remand for an evidentiary hearing limited to the question whether Brown's counsel failed to advise him about his right to testify and whether Brown waived that right.

*Failure to investigate adequately*

We next address Brown's claim that his attorney failed to investigate the veracity of police reports and other exculpatory letters and documents before trial. His motion stated:

> "TRIAL COUNSEL['S] FAILURE TO PROPERLY AND THOROUGHLY INVESTIGATE THE PETITIONER[']S CASE PRIOR TO TRIAL RENDERED HER REPRESENTATION  INEFFECTIVE
>> "Prior to trial counsel of record knew that there [was] discovery evidence that may have ex[]onerated the petitioner at trial.
>> "However attorney of record failed to conduct a basic investigation and/or gave minimal effort to test the veracity of the police reports and other exculp[a]tory letter[]s and document[]s that would have exposed the truth at trial."

His motion did not support this allegation with any citations to the record or with any other details, such as what police reports or exculpatory letters and documents he was referring to. If those documents existed and supported Brown's claim, he should have attached them to his motion and expressly identified and explained them. The district court properly dismissed this claim as conclusory.

5

Additionally, as Brown concedes in his brief, what witnesses to call, whether and how to conduct cross-examination, and other strategic and tactical decisions lie within the province of a lawyer to decide. See *Thompson v. State*, 293 Kan. 704, 716, 270 P.3d 1089 (2011). It is Brown's burden to show his counsel's alleged deficiencies did not result from strategy. See *State v. Gleason*, 277 Kan. 624, 644, 88 P.3d 218 (2004). Brown shows no evidentiary basis for his claim that his counsel did not adequately investigate his case.

*Motion to Reconsider*

As a final point, Brown argues that the district court erred in finding it lacked jurisdiction to consider his May 2018 motion to reconsider the court's February 2018 decision. We agree. Brown had already appealed the February decision, but it is the docketing of an appeal rather than the filing of a notice of appeal that transfers jurisdiction to the Court of Appeals from the district court. See *State v. Smith*, 278 Kan. 45, 51, 92 P.3d 1096 (2004). Brown's appeal was not docketed until July 2018. Thus, in June 2018, when the district court denied Brown's motion to reconsider for lack of jurisdiction, jurisdiction rested with the district court.

But the record reveals another reason that the district court could not have considered Brown's motion to reconsider. Brown's motion to reconsider was untimely because it was filed well after the 28-day period for such a motion. See K.S.A. 2018 Supp. 60-259(f) (requiring motion to be filed within 28 days of the entry of judgment). We thus affirm the district court's judgment on Brown's motion to reconsider as correct for the wrong reason. See *State v. Williams*, 303 Kan. 585, 595, 363 P.3d 1101 (2016) (affirming judgment as right for the wrong reasons). The additional details, documents, and allegations Brown included in his motion to reconsider were not included in his original 60-1507 motion and were never properly before the district court.

Affirmed in part, reversed in part, and remanded with directions.