NOT DESIGNATED FOR PUBLICATION

No. 123,670

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLYDE WILLIAM JOHNSON JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed July 22, 2022. Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., BRUNS and WARNER, JJ.

PER CURIAM: Clyde Johnson appeals the district court's decision denying his motion under K.S.A. 60-1507, along with an untimely addendum to that motion and an amended motion. Johnson asserts that the district court should have considered the claims in his addendum and amended motion because they relate back to his original motion and argues that the court should have granted his original motion. After reviewing the record and the parties' arguments, we find that some of Johnson's subsequent claims relate back to his initial filing. But these claims, along with the claims in Johnson's original motion, do not provide Johnson's requested relief. Thus, we affirm the district court's decision.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, J.N. and his sister K.N. were staying with Johnson and his son during spring break. One night, while a party was happening in a neighboring apartment, both siblings became heavily intoxicated and fell asleep in Johnson's apartment. Johnson, after suggesting to partygoers that he wanted to have sex with K.N., remained in the apartment with her and J.N. Shortly after, witnesses found both siblings severely injured; J.N. later died from his injuries, and evidence showed that someone had tried to rape K.N., who has no memory of what happened. The witnesses also found Johnson in the apartment with the victims; he was naked, had blood on his body and face, and was wielding a metal rod consistent with the victims' injuries.

A jury later convicted Johnson of second-degree murder, attempted rape, and three counts of aggravated battery. Johnson elected not to testify at trial, and his trial attorney, Casey Cotton, presented no evidence, instead challenging the sufficiency of the State's evidence.

Before sentencing, Johnson moved pro se to dismiss Cotton. Over Johnson's objection, the district court construed this motion as a motion for a new trial based on ineffective assistance of counsel. It then dismissed Cotton and—again over Johnson's objection—appointed a new attorney, Steven Mank, to represent Johnson on the new-trial motion and sentencing.

The district court held an evidentiary hearing on Johnson's motion, and Johnson and Cotton testified. Johnson argued that Cotton was ineffective for failing to pursue a self-defense theory at trial and for not adequately preparing or spending enough time visiting Johnson. Johnson stated that he wanted to pursue a self-defense theory throughout his case, but he felt that he could not present that theory after Cotton centered

his opening statements on an insufficient-evidence theory of defense. Cotton stated that a self-defense theory required Johnson to testify—which was their plan—but Johnson ultimately decided not to take the witness stand, leaving Cotton with the insufficient-evidence argument. The district court denied Johnson's motion, finding that Cotton's performance was not constitutionally deficient and that there was no prejudice given the strength of the evidence against Johnson.

Shortly after this hearing, the district court sentenced Johnson to 748 months in prison. This court affirmed his convictions on direct appeal. *State v. Johnson*, No. 111,339, 2015 WL 3632205 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. 1255 (2016). During that appeal, this court reviewed—and rejected—Johnson's ineffective-assistance-of-counsel claims regarding Cotton's communication, preparation, and failure to pursue a self-defense theory. 2015 WL 3632205, at *7-13. The appellate mandate issued in 2016.

Less than a year later, Johnson filed a pro se K.S.A. 60-1507 motion, asserting seven claims:

- Cotton was ineffective for relying on a sufficiency-of-the-evidence defense and not presenting any evidence;

- Cotton was ineffective for failing to present evidence that would support a self-defense theory;

- Cotton was ineffective for failing to object to testimony that Johnson's son screamed "murder, murder, murder" upon entering the apartment;

3

- Cotton was ineffective for failing to object to testimony that the blood on Johnson's face looked like he had performed oral sex on somebody that was menstruating;

- Cotton was ineffective for failing to foresee and defend against the district court instructing the jury on attempted rape, a lesser included offense of rape that the State never charged;

- Lacy Gilmour, Johnson's pretrial counsel, was ineffective for failing to assert that Johnson was immune from prosecution under "'stand your ground'" laws; and

- Mank, Johnson's posttrial counsel, and Adam Stolte, Johnson's direct-appeal counsel, were ineffective for failing to challenge the district court's and this court's jurisdiction to consider the motion for a new trial because it was untimely.

When explaining why he had not raised these claims before, Johnson wrote: "All claims asserted in this motion were not made a part of the direct appeal due to ineffective assistance rendered by court appointed defense counsel or appellate counsel." In response to the form's prompt asking how his counsel was ineffective, Johnson attached pages setting out his seven claims. He then wrote: "Petitioner also claims that [a]ppellate defender Adam Stolte rendered ineffective assistance to petitioner by failing to raise the various issues that follow[] this page on petitioner[']s direct appeal."

Johnson filed an addendum to his motion in 2018. The addendum added a claim challenging the representation of Cotton, Mank, and Stolte, alleging that all three were ineffective for failing to challenge the sufficiency of the evidence supporting the attempted-rape conviction. Johnson argued that there was not enough evidence for the

4

jury to conclude that he committed an overt act toward raping K.N. The addendum also requested—and the district court appointed—counsel for Johnson's K.S.A. 60-1507 case.

A few months after filing the addendum, Johnson filed a pro se amended motion that sought to set aside and replace the initial motion and addendum. This amended motion restated the seven allegations from the original motion, but it extended the five allegations of Cotton's deficient representation to Mank and Stolte. It also restated the claim against all three attorneys from Johnson's addendum.

The district court held a nonevidentiary hearing on Johnson's filings and ultimately denied his claims. The court found that Johnson's addendum and amended motion were untimely and did not relate back to his original K.S.A. 60-1507 motion because they either alleged different grounds for relief or stated claims against different attorneys. The court also found that there was no showing of manifest injustice that warranted extending Kansas' one-year time limit for filing K.S.A. 60-1507 motions. Turning to Johnson's remaining claims, the court found there was no need for an evidentiary hearing. The court reasoned that the history of Johnson's case—that is, Johnson litigating ineffective-assistance-of-counsel claims against Cotton through the motion for a new trial before the direct appeal—provided a substantial record that showed Johnson was not entitled to relief. Johnson appeals.

DISCUSSION

Johnson asserts that the district court erred in finding that his addendum and amended motion do not relate back to his initial motion and in rejecting the merits of his remaining claims. The State argues that various procedural rules bar Johnson's claims and any that remain fail on their merits.

5

The standard of review for rulings under K.S.A. 60-1507 depends on what procedure the district court used. *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018). A district court can either (1) summarily deny the motion without a hearing; (2) deny the motion after a preliminary hearing; or (3) determine that a full evidentiary hearing is necessary. 308 Kan. at 504. Here, the district court took the second path; it denied Johnson's motion after a nonevidentiary preliminary hearing where the attorneys made arguments.

When the district court denies a K.S.A. 60-1507 motion after a preliminary hearing, appellate courts review factual findings for substantial competent evidence, or "'legal and relevant evidence a reasonable person could accept to support a conclusion.'" 308 Kan. at 504. This court does not reweigh evidence or make credibility determinations. 308 Kan. at 504. Legal conclusions, along with the ultimate decision to deny a K.S.A. 60-1507 motion, are subject to de novo review. 308 Kan. at 504.

1. *The claims in Johnson's addendum do not relate back to his initial K.S.A. 60-1507 motion, but the claims in his amended motion against his direct-appeal counsel do.*

Determining whether an untimely filing relates back to a timely one requires interpreting and applying K.S.A. 2021 Supp. 60-215(c)(2), which states that an amended pleading relates back when it "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out, or attempted to be set out, in the original pleading." See *Thompson v. State*, 293 Kan. 704, 710, 270 P.3d 1089 (2011). Questions of statutory interpretation are subject to de novo review. 293 Kan. at 710.

To determine whether a claim arises out of the same conduct, transaction, or occurrence as the original filing, we apply a "time and type" test. 293 Kan. at 712-13. That is, to relate back, the new claim and its underlying facts must originate from the same time and on the same grounds. 293 Kan. at 712-13. Allegations that trial counsel was ineffective are of a different time and type from allegations that appellate counsel

6

was ineffective—even when they are the same person—because their functions are legally distinct. 293 Kan. at 713. A new ground for relief is also of a different time and type and thus does not relate back to an initial filing. *Pabst v. State*, 287 Kan. 1, 25-26, 192 P.3d 630 (2008).

The parties agree that Johnson's addendum and amended motion are untimely. A movant must file a K.S.A. 60-1507 motion within one year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." K.S.A. 2021 Supp. 60-1507(f)(1)(A). Johnson filed his original motion within a year of the final mandate in his direct appeal, but his addendum and amended motion both were filed after the one-year period passed.

We agree with the district court that Johnson's addendum—alleging ineffective assistance of Cotton, Mank, and Stolte for failing to challenge the sufficiency of the evidence supporting the attempted-rape conviction—does not relate back to his original motion. The addendum is not of the same time and type as the allegations in his initial motion because it states a new ground for relief. Asserting a failure to challenge the sufficiency of the evidence supporting the attempted-rape conviction is a different claim than what Johnson raised related to the attempted-rape conviction in his initial motion—a failure to make an evidentiary objection and a jury-instruction issue. In fact, the addendum's claim contradicts the original motion's claim that Cotton was ineffective for *only* challenging the sufficiency of the evidence, which Johnson calls a "fatally defective" theory. And none of his original claims about the attempted-rape conviction involved Mank and Stolte, who as posttrial and appellate counsel served legally distinct functions from Cotton, further making the claims against them of a different time and type.

We note that one issue in the addendum—challenging comments describing the blood on Johnson's face—essentially repeats the same claim from his original motion.

Due to the overlap in these assertions, we need not consider whether this claim in the addendum may be considered; we review the merits of that claim later in this opinion.

At the same time, we find that some parts of Johnson's amended motion do relate back to his original K.S.A. 60-1507 motion. The amended motion first restates Johnson's original seven claims, adding Mank and Stolte to the first five claims. The State argues that these first five claims were only against Cotton originally, and thus additions of posttrial and appellate counsel do not relate back. But Johnson's original motion noted that he did not raise his claims on direct appeal "due to ineffective assistance rendered by court appointed defense counsel or appellate counsel." The original motion also stated that "Adam Stolte rendered ineffective assistance to petitioner by failing to raise the various issues that follow[] this page on petitioner[']s direct appeal." The attached pages that Johnson references then set out his seven claims in detail.

Considering these allegations broadly, we find the statements show that Johnson meant to include Stolte on all seven claims in his original motion. In other words, these claims were at least "attempted to be set out" against Stolte. K.S.A. 2021 Supp. 60-215(c)(2); see *Thompson*, 293 Kan. at 709. Johnson's amended motion thus makes the same claims against the same attorney—Stolte—that he attempted to set out in his original motion. As a result, they are of the same time and type and relate back to his original motion.

The same is not true for the amended motion's added claims against Mank. Johnson's original motion mentions that his claims "were not made a part of the direct appeal" because Stolte failed to raise them. There is no mention of Mank or posttrial counsel; nor is there an explicit attempt to include Mank like there is for Stolte. And Johnson's mention of ineffective assistance by "court appointed defense counsel" is not enough to include Mank because this statement appears in the context of discussing his direct appeal, not his posttrial proceedings. Thus, because Johnson's original motion did

not attempt to set out all seven claims against Mank, his amended motion's untimely attempt to do so is of a different time and type and does not relate back.

The amended motion also incorporates the same claim from the addendum: the failure of trial, posttrial, and direct-appeal counsel to challenge the sufficiency of the evidence supporting Johnson's attempted-rape conviction. For the same reason that this claim in the addendum does not relate back—it raises a new ground for relief—it does not relate back in the amended motion either.

A court may consider claims filed after the one-year period in K.S.A. 2021 Supp. 60-1507(f)(1)(A) "only to prevent a manifest injustice." K.S.A. 2021 Supp. 60-1507(f)(2). A movant who "fails to assert manifest injustice is procedurally barred from maintaining the action." *State v. Trotter*, 296 Kan. 898, Syl. ¶ 3, 295 P.3d 1039 (2013). Johnson's brief does not assert, or even mention, why considering his claims is necessary to prevent manifest injustice. The district court did not err when it denied his untimely claims—those that do not relate back to his original K.S.A. 60-1507 motion—without an evidentiary hearing.

2. *The district court did not err when it denied Johnson's original K.S.A. 60-1507 motion.*

As our previous discussion demonstrates, the claims Johnson alleged in his original K.S.A. 60-1507 motion—seven ineffective-assistance-of-counsel claims—were timely filed. Five of these claims are against Cotton, one is against Gilmour, and one is against Mank. Johnson also adequately set out all seven of these claims against his direct-appeal counsel, Stolte, in both his original motion and again in his amended motion. But though these claims were filed within the one-year timeframe required by Kansas law, not all of them are properly before us in this appeal.

Instead, Johnson's appeal focuses on his claims against his trial counsel, Cotton. He asserts that Cotton should have done more to pursue a self-defense theory—such as consulting a forensic pathologist and "pursu[ing] additional evidence and lines of questioning" that would have supported such a defense. He also asserts that Cotton should have objected to unduly prejudicial evidence. But Johnson's brief limits these claims to Cotton's representation.

Thus, Johnson has not properly appealed his claims on these same grounds against Mank and Stolte, and we decline to consider them. See *Cooke v. Gillespie*, 285 Kan. 748, Syl. ¶ 6, 176 P.3d 144 (2008) ("An issue not briefed is deemed waived or abandoned."). Nor does Johnson's brief address his last three claims, which alleged ineffectiveness claims against his various attorneys for failing to challenge the attempted-rape jury instruction, failing to assert an immunity defense before trial based on "stand your ground" laws, and failing to raise a jurisdictional challenge to the motion for a new trial. And though Johnson's brief mentions that Stolte was ineffective "for failing to raise relevant issues on the direct appeal," he provides no further discussion of this allegation. As a result, the issue is not properly before us. See *State v. Gomez*, 290 Kan. 858, Syl. ¶ 8, 235 P.3d 1203 (2010) (incidentally mentioning an issue in a brief, without argument or authority, is not enough for consideration on appeal).

And though Johnson's appeal continues to challenge the district court's denial of the first four ineffective-assistance-of-counsel claims against Cotton, Johnson already litigated some of these claims in his direct appeal. A person cannot raise an issue in a K.S.A. 60-1507 proceeding that he or she challenged during a previous proceeding. *Grossman v. State*, 300 Kan. 1058, 1062, 337 P.3d 687 (2014). This principle prevents a person from turning "a single issue into multiple lawsuits." *Woods v. State*, 52 Kan. App. 2d 958, 964, 379 P.3d 1134 (2016), *rev. denied* 306 Kan. 1332 (2017).

We considered the substance of Johnson's first two claims—that Cotton was ineffective for failing to present an adequate defense and for failing to introduce evidence supporting a self-defense theory—during his direct appeal. These claims assert that Cotton was ineffective for not pursuing a self-defense theory and not presenting evidence under that theory. We rejected these claims after reviewing the record, including the posttrial evidentiary hearing on Cotton's performance. *Johnson*, 2015 WL 3632205, at *10-12.

Johnson's K.S.A. 60-1507 motion lists various pieces of evidence—such as testimony from a forensic pathologist—that he asserts would have supported a self-defense theory and that he did not discuss on direct appeal. But the fact remains that Johnson already had the opportunity to present his self-defense-related ineffectiveness claim against Cotton—both in an evidentiary hearing and on direct appeal. Given this history, Johnson may not raise those claims again now.

Thus, boiled down, only two of Johnson's claims are properly before us in this appeal. Both concern Cotton's lack of objections—to testimony stating that Johnson's son screamed "murder, murder, murder" when he entered the apartment and to testimony regarding the pattern of blood on Johnson's face (which the testimony described as "red wings").

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel. U.S. Const. amend. VI; *State v. Cheatham*, 296 Kan. 417, Syl. ¶ 2, 292 P.3d 318 (2013). To show ineffective assistance of counsel, a person must demonstrate (1) his or her attorney's performance fell below an objective standard of reasonableness under all the circumstances, and (2) this deficient performance caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting *Strickland*).

11

Courts are highly deferential when reviewing an attorney's performance. There is a strong presumption that the representation fell "within the wide range of reasonable professional conduct." *Moncla v. State*, 285 Kan. 826, 832, 176 P.3d 954 (2008). "We defer to decisions of trial counsel on matters of reasonable trial strategy." 285 Kan. at 837-38. To show prejudice, a person must show that there is a reasonable probability the outcome would be different but for the attorney's deficient performance. 285 Kan. 826, Syl. ¶ 3.

Johnson alleges that Cotton was ineffective for not objecting to evidence that his son screamed "murder, murder, murder" upon seeing the victims in the apartment. He argues that this testimony was unduly prejudicial and lacked probative value because his son did not witness the crime. While it is true that Johnson's son entered the apartment after the fact, the jury knew that too and could weigh the testimony accordingly.

But even if we agree that Cotton should have objected to this testimony, Johnson has not shown that there is any reasonable probability that objecting to this testimony would have affected the outcome of his trial. The evidence against Johnson was overwhelming. Johnson alone entered the room where the victims were sleeping; shortly after, several witnesses saw Johnson covered in blood, and wielding a metal rod consistent with the victims' injuries. When these witnesses arrived, Johnson tried to keep them from entering the room and then fled the scene. He was also excluded from DNA on the striking end of the metal rod, but not the handle end. Given this significant evidence of Johnson's guilt, he has not shown that the outcome would be different had Cotton objected to one line of his son's testimony.

Johnson's assertions about Cotton's lack of objection to the "red wing" testimony—describing the blood on his face—fail for similar reasons. When Johnson entered the apartment, he suggested he wanted to have sex with K.N., who was clothed

12

and asleep. Shortly after, Johnson was naked and had blood on his face and body, while K.N. had suffered extensive injuries and her underwear had been removed. Johnson's DNA was also present in a bite mark on her leg. Given this evidence, Johnson has not shown that Cotton's failure to object to the "red wing" testimony affected the outcome of his trial.

The district court did not err in denying Johnson's K.S.A. 60-1507 motion, addendum, and amended motion without an additional evidentiary hearing.

Affirmed.